# Edwards *versus* The Lycoming County Mutual Insurance Company.

1. A policy of insurance required notice of loss by fire to be given to the secretary "forthwith." *Held*, that the rule meant due diligence under all the circumstances, and eighteen days' notice was not in this case sufficient.

2. A local agent has not authority to receive the notice and is not bound to communicate it to the company.

3. Trask *v.* State F. & M. Ins. Co., 5 Casey 198, a ruling case.

March 3d 1874.   Before AGNEW, C. J., SHARSWOOD, MERCUR and GORDON, JJ.   WILLIAMS, J., at Nisi Prius.

Error to the Court of Common Pleas of *Schuylkill county* : No. 195 to January Term 1872.

This was an action of covenant, brought February 16th 1859, by Daniel Edwards against the Lycoming Insurance Company, to recover for loss by fire to the plaintiff's property, insured by the defendants.

The property was a coal breaker, on lands of the Forest Improvement Company in Schuylkill county.

In case of loss, the loss was to be paid " within three months

[Edwards *v.* Insurance Co.]

after *due* notice and proof thereof made by the insured in conformity with the conditions annexed to the policy."

One of these conditions was:—

"In case any building or other property insured shall be lost or damaged by fire, the insured shall forthwith give notice thereof to the secretary, and within thirty days after said loss, shall deliver unto said secretary a particular account of such loss or damage, signed with his, her or their own hand or hands, or by their guardian, attorney or agent; and also, if required, to be verified by their books of account and other proper vouchers." * * *

On the 30th day of September 1858, the property insured was destroyed by fire.

The case was tried December 21st 1870, before Ryan, P. J.

For the plaintiff, Jacob A. Hazen testified: "I was the local agent of Lycoming Company, in this county, in 1858; the renewal of this policy was through me; I observed the light from the breaker; heard next day that it was Edward's breaker; I didn't go out to breaker; John Hughes did not inform me on that day; but four days afterwards; John Hughes met me then on the street and asked me if I knew that Edwards's breaker had burnt down; I told him I heard it; he said that he was counsel for Mr. Johns to whom the policy had been assigned; I told him that I thought this was impossible as the policy was on my table; had never been lifted; he said that the transfer had been made on the old policy; I said I knew nothing of that. That was all the conversation; Edwards has settled for the policy; John Hughes did not tell me the extent of loss; I never went there; I never informed the company of the loss, or the secretary; I never do, unless requested; I never examined the destruction of this breaker. I collected the assessments also."

The plaintiff testified: "I heard of fire at 7 o'clock in the morning, and at 10 o'clock after the fire; I employed John Hughes as my lawyer in this matter."

The plaintiff gave the following notice in evidence:—

"To the Secretary of the Lycoming Mutual Insurance Company.

Sir:—You will please take notice that the 'coal-breaker, schutes, machinery and trestle work' insured in my name in your office on the 16th day of July 1853, for the period of five years, by policy No. 33,696, and renewed upon the 16th day of July 1858, for the sum of $2500, were wholly and entirely destroyed by fire on the night of the 30th day of September, ultimo.

     Very respectfully,               D. EDWARDS.

Pottsville, October 18th 1858."

The court charged:—

"The defendants are entitled to your verdict, for the reason

[Edwards *v.* Insurance Co.]

that the plaintiff failed to give notice of the loss to the company within a reasonable time."

The verdict was for the defendants.

The plaintiff removed the record to the Supreme Court, and assigned the charge of the court for error.

*A. W. Schalk*, for plaintiff in error.—"Forthwith" in the policy means with due diligence, and whether that has been used is for the jury: Edwards *v.* Baltimore Insurance Company, 3 Gill (Md.) 176; Wetherell *v.* Maine Insurance Company, 49 Maine 200; Peoria Insurance Company *v.* Lewis, 18 Ill. 553; Inman *v.* Western Insurance Company, 12 Wendell 452; Connell *v.* Leroy, 9 Id. 166; Insurance Company *v.* Updegraff, 7 Wright 359. Notice may be given through the local agent: West Branch Insurance Co. *v.* Helfenstein, 4 Wright 298.

*J. A. Hazen* and *B. W. Cumming*, for defendants in error.— Cited Inland Insurance Co. *v.* Stauffer, 9 Casey 397; Trask *v.* State Fire & Marine Insurance Co., 5 Casey 198; Owen *v.* Joint Stock Insurance Co., 57 Barbour 518; Flanders on Fire Insurance 528; Commonwealth Insurance Co., *v.* Sennett, 5 Wright 161; Lycoming Insurance Company *v.* Beatty, 16 P. F. Smith 9.

The judgment was rendered in the Supreme Court, March 9th 1874.

PER CURIAM.—This case is ruled by Trask *v.* Insurance Company, 5 Casey 198. That case was much stronger in its circumstances in favor of the assured than this. It might have been well said there that the parties to the policy treated the notice as in time; but eleven days there being held to be too long, and the circumstances not to excuse the delay, we cannot, without disregarding the wholesome maxim, *stare decisis*, say that eighteen days in this case are a reasonable time within the provision of the policy, that, on a loss happening, the "insured shall forthwith give notice thereof to the secretary." Hazen, the local agent, had no authority to receive the notice, and was not bound to communicate it to the company. He was not even requested by the attorney, who informed him, to give the notice. This rule of the company should receive a reasonable interpretation to mean as requiring due diligence under all the circumstances; that there should be no laches or unreasonable delay, and in this respect Trask *v.* Insurance Company seems to have been somewhat harsh. This case, however, has not the same extenuating circumstances, and we must abide by the ruling in that case. Judgment affirmed.