LYON v. THE RAILWAY PASSENGER ASSURANCE CO.

1. **Insurance:** ACCIDENT: CONTRACT. The policy prescribes the terms of a contract of insurance, and where it stipulates that the company will indemnify the assured for loss of time while totally disabled he cannot recover except upon proof of total disability, nor would the rule be varied if he should be totally disabled in his own pursuit and able to engage in some other employment.

2. ——: ——: NOTICE. If the policy prescribes that immediate notice of an accident shall be given, the giving of such notice is essential to a recovery.

3. ——: ——: ——. What is a sufficient compliance with the condition of the policy requiring immediate notice of the accident is a question of fact to be determined by the jury.

4. ——: ——: EVIDENCE. It is competent for the plaintiff to testify, in an action against the company, respecting his ability to labor after the occurrence of the accident.

5. **Evidence:** LETTERS: PROOF OF SIGNATURE. Letters are admissible without proof of signature when they have been received in reply to letters written to the party whose signature is attached thereto.

*Appeal from Wapello Circuit Court.*

FRIDAY, OCTOBER 5.

ON the 27th day of September, 1875, at Ottumwa, the plaintiff obtained from· defendant a contract of insurance as follows: "Railway Passengers' Assurance Co., of Hartford, Conn., Station No. 458. $3000. This policy will be good for one day, commencing with the hour of date, and is subject to provisions of the contract on the back hereof." On the back of this contract was the following: "The Railway Passengers' Assurance Company, of Hartford, Conn., will indemnify the assured under this contract, in the sum of fifteen dollars per week, against loss of time, not exceeding twenty-six consecutive weeks from the date of the accident under which claim is made, while totally disabled and prevented from the transaction of all kinds of business, solely by reason of bodily injuries effected through outward and accidental violence; or ·in· the event of death within ninety

days from the happening of such accident, when caused prox-imately and solely by bodily injuries as aforesaid, will pay to the legal representatives of the insured the sum of three thousand dollars, provided, always, that this insurance shall only extend to bodily injuries, fatal or non-fatal, as aforesaid, when accidentally received by the insured while actually riding in a public conveyance, provided by common carriers for the transportation of passengers in the United States and Domin-ion of Canada, and in compliance with all rules and regula-tions of such carriers, and not neglecting to use due diligence for self protection; and provided, that in the event of bodily injury or death insured against, by reason of which a claim for loss may be made under this contract, immediate notice shall be given to the Company, at Hartford. Conn.     *     * ."
The petition alleges that about the hour of five o'clock in the afternoon of September 27th, 1875, whilst a passenger on the Chicago, Burlington & Quincy Railroad, the plaintiff sus-tained an accident resulting in severe bodily injuries, whereby he was totally disabled and prevented from the transaction of all kinds of business for the period of nine weeks. The petition further alleges that about three weeks after the said accident and injury the plaintiff notified W. B. Armstrong, agent of defendant at Ottumwa, of said injury, and on or about October 28th, 1875, plaintiff notified defendant at Hart-ford, Connecticut, of said injury and loss. The plaintiff claims of defendant the sum of $135. Upon the trial the plaintiff proved that he was a carpenter, and that he sustained an acci-dent and injury at the time alleged, and while the policy was in force. The evidence was conflicting as to the extent and duration of the injury. A verdict was returned and judg-ment rendered in favor of plaintiff for $135. The defendant appeals.

*Stiles & Burton*, for the appellant.

*Wm. McNett*, for the appellee.

DAY, CH. J.—I.   The court gave the following instructions: "4.   The policy provides that the defendant will be entitled

to recover for injuries resulting from accidents only while the insured was totally disabled, and prevented from the transaction of all kinds of business. But this language must be construed in a practical sense, and means inability to follow any occupation, business or pursuit in the usual way. Though he may have been able to do some parts of the accustomed work thereof, he may yet recover so long as he cannot to some extent do all parts, and engage in all such employments. The fact that he may do some light parts of the work, when he cannot engage in the work itself, to any practical extent, will not prevent a recovery."

*1. INSURANCE: accident: contract.*

" 5. The words, " all kinds of business " should receive a practical construction and with reference to the party insured, and if he was qualified to engage in any business which he could do under the injury, then it would be his duty under the contract so to do, but the fact that there may be some business or occupation in which he could engage, would not prevent a recovery unless it was an occupation or business which he was qualified to engage in as an occupation, and transact in the usual way."

These instructions are, it seems to us, clearly erroneous. The parties must be bound by the terms of their contract. The contract of insurance provides that the defendant will indemnify the assured against loss of time while *totally disabled and prevented* from the transaction of *all kinds* of business, solely by reason of bodily injuries effected through outward and accidental violence. The fourth instruction construes the contract to mean something entirely different. The jury are directed that plaintiff may recover though he may be able to do some parts of the accustomed work pertaining to his business, so long as he cannot, to some extent, do all parts and engage in all the employments thereof. Almost total soundness and ability, instead of total disability, is made the condition of plaintiff's right to recover, and of defendant's liability. The plaintiff is a carpenter. If he was simply disabled from going upon a four story building to put on the roof, and could do everything else pertaining to his trade, he would under this instruction be entitled to recover fifteen dollars a

week, during the period of such disability. This is not the proper construction of the agreement. It interpolates into it terms and conditions upon which the parties never agreed, and attaches to the words employed a meaning of which they are not susceptible.

The fifth instruction is equally erroneous. The contract of insurance binds defendant to indemnify plaintiff for loss of time while totally disabled, and prevented from the transaction of *all kinds of business.* The court tells the jury that this does not mean what it plainly says, but that defendant will indemnify plaintiff for loss of time while disabled, and prevented from the transaction of any business in which he was *qualified to engage.* Under this instruction the defendant's liability is governed by the plaintiff's versatility. If the plaintiff is skilled in but one business and can pursue but one employment, and is disabled from pursuing that, he may recover, but if he has greater skill and can turn his attention to other pursuits, he cannot recover unless he is disabled from engaging in any employment for which he is qualified. The parties have not incorporated any such condition in the contract. There is no reason nor justification for wresting from the language employed its natural signification, and placing upon it a construction which substitutes for the contract which the parties have made one of entirely different signification, and one imposing upon the defendant a greatly enlarged liability. The language of the parties is plain, unambiguous and needs no construction. It provides that defendant shall be liable for loss occasioned by being totally disabled from all kinds of business. Effect should be given to this language. It should be understood to mean what it says. It cannot be claimed that it means that defendant will indemnify on account of loss sustained by being *partially* disabled from *some* kinds of business: And yet this is the construction which the two instructions we have been considering place upon it.

II. The court further instructed as follows: "11. The policy in this case provides that when an accident occurs which

2. ——: ——: produces a bodily injury for which a claim accrues,
notice. and a claim therefore may be made, immediate

notice shall be given to the company at Hartford, Connecticut, and this provision of the contract imposes that duty upon the plaintiff, and is for the benefit of the company, to enable them to investigate the loss and ascertain the extent of the injury produced, and it is his duty to give such notice with reasonable promptness; but the policy does not provide that a failure so to do will prevent a recovery, and hence it will not, unless you find that a failure so to do has prevented them from so doing and ascertaining the nature, character and extent of the loss, and that a failure to give such notice in the time provided by the contract has so resulted to the company by reason of the negligence in giving said notice."

This instruction misconceives the true meaning of the policy. The policy, after stating the conditions of defendant's liability, employs the following language: "Provided that in the event of bodily injury or death insured against by reason of which a claim for loss may be made under this contract, immediate notice shall be given to the company at Hartford, Connecticut." This proviso introduces a further condition upon which defendant's liability depends. It is equivalent to saying, defendant shall be liable under the circumstances foregoing upon condition that immediate notice of the claim is given to the company, at Hartford. And this is the same, in import, as saying that the company shall not be liable, if such notice is not given.

III. The defendant asked the court to instruct as follows: "5. If you find that plaintiff received the injuries of which he complains on the 27th day of September, 1875, and that he did not give notice to the company until the 28th day of October, 1875, and you find that the plaintiff was able to give such notice at an earlier day, then you are instructed that such notice is not in compliance with the terms of the contract, and your verdict should be for defendant." The refusal to give this instruction, and others of similar import, is assigned as error.

In May on Insurance, section 462, it is said, if the notice be required to be forthwith, or as soon as possible, or immediately, it will meet the requirement if given with due dili-

gence under the circumstances of the case, and without unnec-
essary and unreasonable delay, of which the jury are ordinarily
the judges.   Appellant concedes that the question of due dili-
gence is ordinarily one for the jury, but claims that in this
case the facts and circumstances are not in dispute, and that
the question becomes one of law.   The testimony tends to show
that plaintiff was under treatment for his injuries at Council
Bluffs for eight or nine days, when he returned home to Agency
where he continued treatment for eight or ten days more, when
he called in a physician who treated him from four to six
weeks thereafter.   The evidence tends to show that the disa-
bility continued for nine weeks.   Under the circumstances dis-
closed we think the court did not err in refusing to instruct as
matter of law that the notice was not given in proper time.
This question was properly left to the jury to be determined
as one of fact.

IV.   Upon the trial of the cause the plaintiff was asked:
"What was your physical ability to perform labor or business
of any kind for nine or ten weeks after the injury?"
4.—:——:   The defendant objected to this question on the
evidence. ground that the extent of disability was an ultimate fact for
the jury to find, and that the question called for a conclusion
which it was the province of the jury to find or pass upon
from the evidence.   This objection was overruled.   The wit-
ness answered:   "I was not able to do anything."   The admit-
ting of this evidence is assigned as error.   We think the
testimony was properly admitted.

V.   The plaintiff offered to prove the contents of two let-
ters written by him to C. E. Willard, defendant's secretary.
The defendant objected on the ground that no ·sufficient notice
to produce the letters had been given, the notice to produce,
given to defendant's attorneys at Ottumwa, Iowa, on the 14th
day of March, 1876, only six days before the trial, being in-
sufficient, as the letter was in the possession of the company
at Hartford, Connecticut.   The court sustained this objection,
but admitted the letters on the ground that they were them-
selves in the nature of a notice, and no notice to produce them
was necessary.   Without determining whether the letters were

properly admitted for the reason assigned, we are of opinion that the notice to defendant's attorney, in the absence of any showing of inability to produce the letters on account of the shortness of time, was sufficient; and that the court did not err in admitting proof of their contents.

VI. The plaintiff offered in evidence letters of C. E. Willard, in reply to those written to him. These were objected to 5. EVIDENCE: letters: proof of signature. on the ground that the signatures were not shown to be genuine. The objection was overruled and the letters were admitted. This action of the court is assigned as error. The letters were properly admitted without proof of signature. 1 Greenleaf on Evidence, section 573 *a*.

The foregoing review disposes of all the material points involved in the appeal. For the errors considered the judgment must be

REVERSED.