(Superior Court of Cincinnati.)
General Term.

CLINTON CRANE AND L. O. COLE,late partners as C. Crane & Co., v. THE STANDARD LIFE AND ACCIDENT INSURANCE COMPANY, OF DETROIT, MICHIGAN, a corporation doing business in Ohio.

---

The word "immediate," when used in reference to the notice in writing to be given of an accident, injury or claim under a policy of insurance means within a reasonable time considering the circumstances of each case, and ordinarily the question is one to be determined by the jury under proper instructions from the court.

(Decided November 10, 1896.)

---

HUNT, J.

This cause comes into the court on error to the Special Term.

It appears from the amended petition, filed April 27th, 1895, that on the 15th day of May, 1893, the defendant issued its policy of insurance for a period of one year from noon of May 11th, 1893, for a consideration of $150, by which the defendant company, on an estimated pay roll of $50,000, agreed to become liable for bodily injuries, fatal or otherwise, sustained by the employes of the plaintiffs in occupations and places specified in the application, not to exceed $1,500 for any one employe, nor to exceed $20,000 from claims resulting from any one accident.

The defendant company by its policy reserved to itsef the sole right to adjust, and agreed to defend or settle any and all claims arising thereunder, and to incur and pay any expenses or costs incident thereto.

On the 1st day of July, 1893, the plaintiffs assigned the said employes' indemnity policy of insurance, No. 154,895, to Charles W. Baker, who had been subsequently been

appointed assignee of the plaintiffs by the probate court of Hamilton county, Ohio, by and with the consent of the defendant company. The assignee continued to operate the business under an order of the probate court, and employed men for that purpose. On the 17th day of November, 1893, Charles W. Baker was advised for the first time that one Charles Schenckle claimed to have had an accident befall him while in the employ of Charles W. Baker, assignee, and alleged that the accident or injury occurred on July 13th, 1893. Thereupon the said Charles W. Baker, assignee, and about the time Schenckle began his suit, being the first notice plaintiffs had of any claim on the part of Schenckle, filled out upon blanks furnished a statement of the matter, which statement so filed out the defendant company now has in its possession.

It is claimed that Charles W. Baker, assignee, had no knowledge of any such accident having occurred, and was not advised of the same, nor was there any claim made upon him of the occurrence of any such accident, or upon a claim by reason of any, until about the 17th day of November, 1893. Then suit was brought by the said Charles Schenckle against Charles W. Baker, assignee, for damages for an alleged injury happening to the said Charles Schenckle while in the employ of the assignee. The assignee thereupon notified the defendant company to appear and defend the suit, as by its policy of insurance it had agreed to do.

The defendant company neglected and refused to appear and defend the suit, and refused to employ counsel or incur any expense in defending the same. While the cause was pending in the court of common pleas of Hamilton county, Ohio, the plaintiffs settled with their creditors, and an order was made by the probate court by which the said Charles W. Baker, as assignee, conveyed back to these plaintiffs all of the property in his hands as such assignee.

The cause came on for trial at the October Term, 1894, of the court of common pleas of Hamilton county, Ohio, and thereupon the plaintiffs were required to and did defend the same, the defendants declining so to do, although requested and notified to appear or to assist in making a defense thereto.

The jury returned a verdict for the defendant, and thereupon a motion for a new trial was filed within three days, and the same was granted by the court, and subsequently the cause was again set for trial and a judgment rendered for the defendant.

The plaintiffs claim that they have been put to an expense of $471.75 in conducting said defense, in the employment of counsel and in stenographic expenses, all of which is a proper charge and expense, and which the defendant company agreed to pay by the terms of the policy of insurance, and which expenses and charges these plaintiffs were compelled to pay by reason of the neglect and refusal of the defendant company to

carry out the terms of its policy of insurance.

The defendant filed a general demurrer to the amended petition on December 3, 1895.

The demurrer was sustained by the court in Special Term on April 28th, 1896, and the defendant not desiring to plead further, judgment was rendered for the plaintiff accordingly. Error was prosecuted to reverse the judgment of the court below in sustaining the demurrer and dismissing petition.

The question really involved is the construction to be given to the following provision in the policy of insurance: "(b) The assured, upon the occurrence of an accident or injury, and upon any notice of any claim for an injury, shall give immediate notice in writing of such accident, injury or claim with the fullest information obtainable, to the company, at its office in Detroit, or the agent, if any, who shall have countersigned this policy."

In the case of the American Fire Insurance Company v. Hazen (1 Atl. Rep., 605), the court held that what constitutes a reasonable time for the furnishing of proofs of loss is a question of law for the court when the facts are ascertained; otherwise, it is, under proper instructions, one for the jury; and when the requirements of the company involve great exactness, and evidence is submitted that by reason of the illness of the plaintiff and other difficulties the proofs were considerably delayed, it is proper for the court to apply the law and submit the facts to the jury in determining what is a reasonable time.

In Weir v. Northern Counties of England Insurance Company (4 L. R. Ir., 689), the policy provided that, "on the happening of any loss or damage by fire, the insured is forthwith to give notice in writing thereof to the company, and within fifteen days at latest, to deliver to the company a particular account. In default thereof no claim in respect to such loss or damage shall be payable until such notice, account, proof, are given or produced." The court held in that case that the failure to deliver the account within fifteen days was not a condition precedent to the right of recovery.

In the case of Tripp v. Fund Sec., 35 N. E. Rep. 316, there was a condition in an accident insurance policy which required written notice to the insurer of any accidental injury to the insured "with full particulars of the accident and injury," and further provided that, "failure to give such notice within ten days from the date of either injury or death" should invalidate claims under the policy.

The court held that the ten days in which to give notice do not begin to run until the fact of death and the circumstances under which it occurred have been ascertained. The court, on page 316, says:

"The provision not only requires notice of the death, but full particulars of the accident and injury."

It is quite conceivable that in many cases of death by accident the fact can not be, and is not known until days, or even weeks after it has occurred. Such conditions in a policy of insurance must be considered as inserted for some reasonable and practicable purpose, and not with a view of defeating a recovery in case of loss by requiring the parties interested to do something manifestly impossible. The object of the notice was to enable the defendant, within a reasonable time after the death or injury, to inquire into all the facts and circumstances while they were fresh in the memory of witnesses, in order to determine whether it was liable or not under its contract. 23 N. Y. Supp., 173; affirmed.

The case of Carpenter et al. v. German-American Insurance Co., 31 N. E., 1015, is an interesting one. The court says: "Another question relates to the delay in serving proofs of loss. The fire occurred October 10, 1883. The proofs of loss were not received by the company until February the 2nd, 1884, one hundred and fifteen days after the fire. The policy provides that in case of loss, 'the assured shall give immediate notice thereof, and shall render to the company a particular account of said loss under oath,' embracing certain facts specified. Under this clause it became the duty of the plaintiff to furnish proofs of loss within a reasonable time. What is such reasonable time may become a question of law, as where there had been a long delay unexcused, and the company had not waived a compliance with the requirement of the policy. But in cases where circumstances are not shown which reasonably justify the delay, or the insured acted with reasonable promptness in view of all the facts disclosed, having regard both to his own situation and the protection of the company, it may be a question for the jury whether the provision as to proofs has been violated."

In Kentler v. The American Mutual Accident Association, 60 N. W. Rep., 1002, the court used the following language:

"What is meant by giving notice immediately after the accident occurs?

"Does it mean, in the language of Webster "in an immediate manner; without intervention of anything without interval of time; without delay; instantly?" If the contract is to be thus literally construed, compliance by the beneficiary would seldom be possible. But courts looking at the substance of contracts and statutes, have, during the last two centuries, repeatedly declared that:— " The word 'immediately,' although in strictness it excludes all mean times, yet, to make good the deeds and intents of parties, it shall be construed such convenient time as is reasonable requisite for doing the thing."

In support of the proposition numerous American and English cases are cited in 9 Am. and Eng. Enc. Law, 931. The same language is quoted approvingly by Ryan, C. J., in construing the words "immediate

delivery" as used in Sec. 5, Ch. 107, in Richardson v. End, 43 Wis., 316.

In Griffey v. New York Cent. Ins. Co., 3 N.. R. S., E., 309, the court held that:—
"Under the provisions of the policy requiring notice of loss to be 'forthwith' given, it was enough for the insured to act in that matter with diligence and without unnecessary delay.

"It was, therefore, properly left to the jury to say whether, in view of all the circumstances of the case, the notice actually given was sufficient."

In Provident Life Ins. & Investment Co of Chicago v Martin, 2 Md., 310, Miller, J., says on page 315:

"By the second condition of the policy it is provided that 'in the event of injury within the meaning of this policy occurring to the assured, he, or in case of his death, his legal representatives shall, as soon thereafter as possible, give notice thereof in writing to the company at their office in Chicago, or to the agent writing this policy, together with the full name, occupation and address of the assured, with full particulars of the accident or injury.' The construction of the term 'forthwith' and 'as soon as possible' in a similar condition in a fire policy with reference to notice and furnishing preliminary proof of loss, has been settled in this state by the decision in Edwards v. Balto. Fire Ins. Co., 3 Gill., 187. 'To give to them, say the court, 'their literal import would in almost every case of loss by fire that occurs strip the assured of all hope of indemnity for the loss incurred, and policies of insurance against fire, would as to the insured, instead of being contracts of indemnity, as they profess to be, become engines of fraud and injustice in the hands of the underwriters, and a recovery by the insured would be rarely indeed, if ever, practicable. Such a construction, therefore, has not been sanctioned by courts of justice. The true meaning of these terms is, with due diligence or without unnecessary procrastination or delay under all the circumstances of the case."

In Lyon v. Railway Passenger Assurance Co., 46 Iowa, 631, the court, on page 635, says:

"III. The defendant asked the court to instruct as follows: 'If you find that plaintiff received the injuries which he complains on the 27th of September, 1875; that he did not give notice to the company until the 28th of October, 1875, and you find that the plaintiff was able to give such notice at an earlier day,, then you are instructed that such notice is not in compliance with the terms of the contract, and your verdict should be for the defendant.'

"The refusal to give this instruction and others of similar import, is assigned as error. Under the circumstances disclosed, we think the court did not err in refusing to instruct, as matter of law, that the notice was not given in proper time.' The question was properly left to the jury to be determine as are the facts."

Perhaps the strongest case cited by the defendant in error in support of the demurrer is that of Gamble v. Accident Assurance Co., 4 Irish R. C. L,. 204. The insured came to his death by accidental drowning. His legal representatives instituted suit in the Irish courts to recover the indemnity. The condition was to the effect that in the event of any accident, whether fatal or not, occurring to the insured within the intent and meaning of the policy, notice thereof, in writing, must be delivered to the company at their chief office in London within seven days after the occurrence of the accident, stating the nature and date of the injuries, the place where and the manner in which they were received, with the name, address and occupation of the person injured. The company demurred to the declaration that no notice was given to the company in accordance with the condition, and that no sufficient excuse in law was given, in not giving said notice: and that, therefore, the condition being a condition precedent to the plaintiffs' right to recover, the counts were bad in law; also that, this being an absolute contract by the insured to give such notice, the impossibility of giving such notice was not an excuse good in law for the non-fulfillment of the said condition.

The court, Pigot, C. B., held that the failure to forward proofs at all within the required time was fatal, although the circumstances were such as where the insured met with an instanteous death, and no survivor knew of the existence of the policy and made it impossible that notice could be given. The court further held that it was not a case where the notice was rendered impossible by the act of God, for the insured might have provided for the contingency by informing someone of the existence of the policy. This rule, however, is relaxed in a decision by the Supreme Court of the United States in the case of the Germania Fire Insurance Co. et al. v. Boykin. 12 Wall, 433, where the court held that if the insured be insane at the time when it becomes necessary to furnish the preliminary proof, that will excuse the non-performance of the requirement.

Mr. Justice Miller, in delivering the opinion of the court said:

"Based on the facts of the case the defendants at the trial asked instructions, the substance of which is condensed in the proposition that they had a right to proof of loss by an intelligent being, and if plaintiiff was insane, no such proof had been given; and if he were sane, then his affidavit showed such fraud as should defeat recovery. The last of these propositions is not denied, but was not asked as an independent instruction.

"But the first is too repugnant to justice and humanity to merit serious consideration. There are two obvious answers to it: First, the affidavit, whether of an insane man or not, is sufficient in the information which it conveys of the time, the nature

and the amount of loss. Second, if he was so insane as to be incapable of making an intelligent statement, this would of itself excuse that condition of the policy."

The case of the Home Insurance Company v. Lindsley, 26 Ohio St., 348, is also cited in support of the demurrer. This was an action on a policy of insurane against loss by fire which contained a condition that, in case of loss, proof of the loss shall be made and delivered to the insurer within thirty days after the loss occurred. The petition was held bad on demurrer, because there was no allegation of performance of the condition, or a waiver on the part of the insurer.

In Heywood v. Maine Mutual Accident Association, 85 Me.. 289, it was held that a stipulation in an accident policy, that failure to notify the company of an injury for the space of ten days after it is received shall bar all claims under the policy, is valid. That was an action of assumpsit upon a policy of insurance aaginst accidents. The policy contained a stipulation that failure to notify the company of an injury for ten days after it was received should bar all claims therefor. The plaintiff neglected to notify the company of any accident or injury to himself, until twenty-six days had elapsed. No reason was given for the failure to make proof.

In Whitehurst v. North Caroline Mutual Ins. Co., 7 Jones' Law, 433, the court held, on a policy of insurance against loss by fire, that a requisition in a policy of insurance that the assured shall forthwith give notice of a loss to the company, is not complied with by giving notice at the expiration of twenty days. It was not disclosed that any reason was given for failure to comply with the stipulation and the court, Pearson, C. J., says: "This certainly does not satisfy the word 'forthwith,' which must be construed, considering the purpose for which it is required, to mean immediately, or within a reasonable time."

It is the contention of the defendant in error (1) that the notice required by the policy is a condition precedent, and (2) that the specification of notice in a policy must be conformed to within a reasonable time to be determined by the surrounding circumstances. The law as thus stated is not disputed, and an examination of the cases shows that the current of authority is that the words "forthwith" or "immediate," when used in reference to the notice of loss, mean within a reasonable time considering the circumstances of each case, and that ordinarily the case is one to be determined by the jury under proper instructions from the court. Lyon v. The Railway Passenger Assurance Co., 46 Iowa, 631; Provident Life Insurance & Investment Co. v. Baum, 29 Ind, 236; Edwards v. The Baltimore Fire Insurance Co, 3 Gill., 176; Scammon v.. The Germania Insurance Co., 101 Ills , 621; Erwin v. The Springfield Fire & Marine Ins. Co, 24 Mo.. App., 145; Sun Mutual Insurance Co. v. Mattingly et al.

(Texas 1890), 13 S. W. R., 1016; Argail v. Insurance Co , 84 N. C., 355; Home Insurance Co. v. Davis, 98 Pa. St., 280; Central City Insurance Co. v. Oates, 86 Ala., 558; Donahue v. Insurance Co., 56 Vt., 374.

The court takes this view of the law, and is of the opinion that the question should be submitted to the jury under proper instructions.

The judgment of the court below in sustaining the demurrer and in dismissing the petition is reversed, and the case remanded to Special Term for further proceedings.

Smith and Hollister, JJ., concur.

Charles W. Baker and Michael G. Heintz, for Plaintiff.

Follett & Kelley, contra.