upon two of them and found them to be constitutional. The court feels that, when the Supreme Court of the state of Ohio passes upon this particular act, it will follow the opinion rendered by the Supreme Court of the United States.

This being the opinion of the court, the court therefore finds that the temporary restraining order in this case granted should be dissolved and that plaintiff's petition be dismissed and that the prayer thereof be refused.

## WHETHER UNABLE TO EARN A LIVELIHOOD A QUESTION FOR THE JURY.

Common Pleas Court of Hamilton County.

HERBERT E. HUGHES v. THE B. & O. S. W. RAILROAD CO. ET AL.

Decided, May 19, 1914.

*Benefits From a Railway Relief Department—Total Inability to Earn a Livelihood Not Restricted to Plaintiff's Previous Occupation—Question of Inability One for the Jury.*

In an action by an injured railway employee for aid from the relief department, under a rule applying to those "totally unable to labor" or "to earn a livelihood in any employment," the fact that he had lost his right hand in the service and had been without employment during the period for which benefits are asked, is sufficient for submission to the jury of the question whether he is able to earn a livelihood in any employment.

*Harmon, Colston, Goldsmith & Hoadly,* for the motion.
*A. D. and R. S. Alcorn,* contra.

MAY, J.

The plaintiff in this action was a switchman in the employ of the B. & O. Southwestern Railroad Company and a member of the relief department of the B. & O. Railroad Company. Under the regulations of this relief department which applied to all

employees of the B. & O. Southwestern Railroad Company, a switchman was in Class C, and there was deducted from his monthly salary a certain sum for the payment of dues to the relief department. Section 51 of the regulations provided that a person injured in the employ was entitled to certain benefits, and if the disablement "renders the member totally unable to labor, or, when of a permanent character, to earn a livelihood in any employment," he was entitled to $1.50 for the first fifty-two weeks after the accidental injury received and seventy-five cents per week thereafter.

The plaintiff in this case, while in the employment of the company, and while a member in good standing of the relief department, was injured and the injury resulted in the amputation of his right hand. The injury occurred on the 2d day of October, and by the 24th day of February following the relief department claimed that the plaintiff was no longer entitled to benefits under this section.

At the trial plaintiff testified that he was unable to work, and testimony was also introduced to show that he was unable to secure any employment during the period for which benefits are claimed.

There was evidence introduced on behalf of the defendant in this case showing that men, injured in the same manner as the plaintiff was injured, were in the employ of the railroad company as extra switchmen, and there was also evidence that the plaintiff at the time of the trial had temporary employment in the city as a night watchman. However, during the time for which benefits are claimed the plaintiff had no employment at all.

A motion to direct a verdict for the defendant at the close of the plaintiff's case was overruled, and the same motion being renewed at the close of all testimony was likewise overruled.

The defendant contends that the court erred in not granting these motions and in submitting the question to the jury.

In support of this contention the defendant relies upon the cases of *B. & O. Employees' Rel. Assn.* v. *Post,* 122 Pa. St., 579; *Lyon* v. *Railway Passenger Assurance Co.,* 46 Iowa, 631; *Aetna Life Insurance Co.* v. *Lasseter,* 153 Ala., 630; *Rayburn* v. *Casual-*

*ty Co.,* 141 N. C., 425; *Albert* v. *Order of Chosen Friends,* 34 Fed., 721.

These cases are clearly distinguishable from the case at bar.

*Albert* v. *Order of Chosen Friends, ubi supra,* merely decides that the language ''permanently prevent the member from following any occupation whereby he or she can obtain a livelihood'' does not refer to an occupation of the same kind, but refers to any occupation, and the answer setting up that the defendant was earning a livelihood in another occupation is a good defense.

And *B. & O. Employees' Rel. Assn.* v. *Post,* 122 Pa. St., 579, is to the same effect, to-wit, that a total inability to earn a livelihood in any employment is not restricted to the particular trade in which a member is engaged at the time of his injury.

The Alabama and North Carolina cases cited above are clearly distinguishable from the case at bar in that the injury in each case did not prevent the injured party from engaging in a productive occupation. In the Alabama case the insured was a law and stock agent for a railroad and carried on his business after the injury; and in the North Carolina case the section foreman who was injured testified that he performed the same services in the same occupation and at the same salary as before the injury complained of.

In the case at bar there is no testimony that during the time for which benefits are claimed the plaintiff was engaged in any employment. In leaving the case to the jury the court said:

''Under the law in this state to earn a livelihood means to be able to earn money sufficient to have a living in any employment, no matter what its character is that the party can obtain. The mere fact that the party is not able to do the same kind of work that he has been accustomed to do is not in itself evidence that he is unable to earn a livelihood in any employment. The question is, is he able to earn a livelihood? The fact that he has been unable to obtain employment does not mean that he was unable to earn a livelihood. The question is, if he had obtained employment, any employment, could he have earned a livelihood in such employment as he could have obtained? * * * The plaintiff must show that he has been unable to earn a livelihood

in any employment before he is entitled to recover under the terms of this agreement.   *   *   *

"In considering the question whether the plaintiff was able to earn a livelihood in any employment, it is the question whether this plaintiff was able to earn a livelihood in any employment, taking into consideration his condition and his ability as it has been presented to you from the stand and all the facts and circumstances as have been produced in evidence."

The jury found for the plaintiff.

It seems to me that the question whether the plaintiff was able to earn a livelihood in any employment was purely a question of fact to be submitted to the jury. It is said that there was no evidence to go to the jury on this question; but the fact that the plaintiff had no employment during the time for which benefits are claimed, taken in connection with the physicial fact, to-wit, the plaintiff being deprived of his right hand, was sufficient to have the jury pass upon the question whether the plaintiff in that condition was able to earn a livelihood in any employment.

In *McMahon* v. *Supreme Council, Order of Chosen Friends,* 54 Mo. App., 468, the court passing upon a question of this kind, said at page 472:

"A physical ailment which would render an illiterate laboring man totally unfit to earn a livelihood might not prevent a lawyer from practicing his profession, or take away from him all other chances of earning a living in some other avocation. therefore, in determining the liability in such a case, the courts must consider both the mental and the physical capabilities of the assured, otherwise such a benefit certificate would be a delusion and a snare.   *   *   *

"In determining whether the plaintiff was disabled to such an extent as to prevent him from pursuing some other avocation in which he could earn a livelihood, his former occupation, his education and business experience, his natural abilities, and his age must be considered.   *   *   *   We, therefore, conclude that the court committed no error in submitting the case to the jury."

In *Keith* v. *C., B. & Q. Railroad Co.,* 82 Neb., 12, the court held, in passing on a question of the same kind as the one at bar,

that a plaintiff would be entitled to benefits who was unable to earn a livelihood in the same character of employment. But it is unnecessary to follow this case under the instructions given to the jury.

In submitting the case to the jury, the court followed the ruling of the court in *Lyon* v. *Railway Passenger Assurance Co.*, 46 Iowa, 631, and the jury having found in favor of the plaintiff and there being some evidence which justified this verdict, I can not say that it was so manifestly against the weight of the evidence as to justify setting it aside.

The other questions of fact in the case, namely, whether the plaintiff had complied with all the regulations of the company so as to entitle him to share in the benefits, were submitted to the jury under proper instructions and the jury found in favor of the plaintiff, and the verdict of the jury on these questions can not be said to be so manifestly against the weight of the evidence as to justify setting aside the verdict.

For these reasons the motion for a new trial will be overruled.