SARAH ALICE MARREN, Appellee, v. FIDELITY & CASUALTY
COMPANY OF NEW YORK, Appellant.

INSURANCE:  Partial and Total Disability—Submission of Issues.
Under the terms of a policy providing for *partial* and total dis-
ability, the court need not submit the issue of partial disability
on evidence which simply shows that the insured might per-
form some isolated and indefinitely defined duties of his pro-
fession.

*Appeal from Clinton District Court.*—A. P. BARKER, Judge.

FEBRUARY 16, 1920.

THE appellant complains of the refusal of the trial court to submit to the jury the question whether plaintiff had suffered a partial, rather than a total, disability.— *Affirmed.*

*J. E. Purcell, A. L. Schuyler,* and *A. C. Wylie,* for appellant.

*Wolfe & Wolfe* and *W. J. Keefe,* for appellee.

SALINGER, J.—I. The policy under which plaintiff claims provides for indemnity against total disability "that prevents the assured from performing any and every kind of duty pertaining to his occupation;" also, indemnity for "partial disability that prevents the assured from performing fully work essential to the duties of his occupation." The plaintiff bases her claims upon bodily injuries, said to consist of contusions of the forehead, injuries to the eyes, to the left shoulder, to the wrist, and of erosion and fracture of the knee cartilage. She claims that these, exclusive of any other causes, totally disenabled her from performing any and every kind of duty pertaining to her occupation, that of a nurse. The defendant asked the court to submit partial disability. The court declined to do this, and plaintiff recovered as for a total disability. The sole complaint of the appellant is the refusal to submit partial disability, at its request. Such disability was within the range of the pleadings. The sole question on this appeal is whether there was any evidence justifying the submission of such disability. It goes without saying that, if there be any evidence upon which the jury had the right to find partial disability, then it was error not to submit that issue. That is all that is held in *Gainesville & N. W. R. Co. v. Galloway,* 17 Ga. App. 702 (87 S. E. 1093) ; *Burn-*

*ham v. Stone,* 101 Cal. 164 (35 Pac. 627) ; or *Steele v. Crabtree,* 130 Iowa 313.

It is not required that we set out the evidence in detail. It suffices to say that, if the jury believed testimony given by the plaintiff and her witnesses, it was bound to find that an injury to her knee totally disenabled her to perform the duties of a nurse. On the other hand, if one opposing line of testimony were credited instead, then plaintiff was a mere pretender, and had not been disqualified at all to perform any of the duties of her calling,—to say the least, was able to perform all of them substantially. Now, if this were all the evidence, it clearly was not error to refuse submitting partial disability. On this conflict, there was no middle ground, and all that the jury could be asked to say was whether there was total disability or no disability whatever.

### 1-a

But the defendant had a line of testimony to the effect that plaintiff was able to perform some of the duties of a trained nurse, without definite statement as to what some of these things were. The appellant does not make quite clear what it claims for this testimony. But the possible claims for it have their natural limitations. It either tends to prove partial disability only, or tends to prove or establishes that the disability was total. If it can be held to be proof of partial disability, the court erred in refusing to submit such disability. If, on the other hand, the law holds that a nurse is suffering from total disability even if it is possible for her to perform some isolated duty of a trained nurse, then this testimony was merely cumulative in establishing total disability. If that be held to be its effect, then there was nothing but evidence of total disability, and it would have been error to submit partial disability. In *Lyon v. Railway Passenger Ins. Co.,* 46 Iowa 631, it is, in effect, held that, if there be ability to perform

any of the functions of one's calling, then there is no total disability, within the meaning of indemnity clauses. This case has been sharply assailed in many jurisdictions, and it does seem to proceed on the theory that the policy should be construed strictly against the insured. But we need give this conflict in the case law no consideration. For, while the *Lyon* case does hold that this line of testimony fails to establish a claim under the total disability clause of the policy, it does not hold that such evidence tends to establish "partial disability," as used in indemnity clauses. If the appellant were asserting that there was no right to recover at all, because there had been a failure to prove total disability, and complaining that it was error to submit partial disability, then the *Lyon* case would support such contention. But, as seen, that is not the complaint made. The appellant does not say that the jury had no right to make an award for total disability, but that, while it might make such an award, it should, under the evidence, have been given the opportunity to base a verdict upon partial disability only. So, even if it were conceded that testimony of ability to perform some duties was no evidence of total disability, then the record exhibits one line of evidence which is merely a failure to prove total disability, and two conflicting lines: one tending to show total disability under any definition; another, that plaintiff was shamming, and was entitled to recover nothing. As said before, this affords no basis upon which to recover for partial disability alone, and the court did not err in refusing to submit that issue.—*Affirmed.*

WEAVER, C. J., EVANS and PRESTON, JJ., concur.