## Holy Trinity Baptist Church v. Insurance Company of North America

*Martin H. Yusem,* for complainant.

*Horace M. Schell,* for defendant.

BOK, P. J., December 28, 1948.—Summary judgment can be given only when the case against the pleading is clear.

Of the two points raised by defendant in objection to plaintiff's reply to new matter, both require amendment by plaintiff but neither is sufficient, if proper amendments are made, to warrant judgment before trial.

Even where proofs are not filed within a time stipulated in the policy, special circumstances may be shown to excuse the delay: Windsor Manufacturing Co. v. Insurance Co., 277 Pa. 374 (1923). A fortiori where the policy stipulates no time but only "immediate notice". This is clearly contemplated by the opinions cited by defendant: Trask v. Insurance Co., 29 Pa. 198 (1857) ; Edwards v. Insurance Co., 75 Pa. 378 (1874) ; Ross v. Mayflower Drug Stores, Inc., 338 Pa. 211 (1940).

In the Trask case, the court thought that "a delay of eleven days in giving the notice is not a compliance

with the contract, and *that plaintiff has presented no reasonable excuse for this."* In the Ross case, the court said that the question was one of law *"in the absence of special circumstances"*. Whether or not there are special circumstances and if they are enough to warrant submission to the jury are matters for trial.

We do not feel, however, that it is enough to plead "prior notice" when answering an allegation that notice was not given until some 35 days after the fire. A "prior notice" given one hour after the fire or one day before April 5th might make a lot of difference to defendant in preparing its case, and it is entitled to precision on a point that is as vital to the case as notice is.

It is true that the entire case may exude special circumstances and that a party is not required to plead his evidence. Plaintiff may have to do substantially that, if he pleads a tardy notice, for he has elected to answer the new matter in substance. We are in considerable sympathy with plaintiff's argument that new matter is an easy way for the pleader to catch evidence, and we do not regard defendant's allegations here as actual new matter but rather as contrary averments by way of answer in order to prevent a bald, and therefore insufficient, denial. Plaintiff could have moved to strike off the new matter or could have refused to answer it on the ground that it is not proper new matter, but we must take the record as we find it.

Plaintiff should amend its reply accordingly.

The same may be said for the point about filing proofs of loss within 60 days. Plaintiff again avers giving full information "within 60 days" (by inference not sworn to) and a denial of liability by defendant also "within 60 days". Since waiver of strict compliance is suggested, more specific averments are necessary.

The time of notice, the person to whom it was given, and that person's authority—if he was an agent—are essential on both points.

Plaintiff may amend its reply within 20 days, or the preliminary objections will be sustained.