Irvin Smith `v.` The Supreme Lodge of the Order of Select Friends.

No. 11,636.   (61 Pac. 416.)

Life Insurance — *Liability for Accident — Policy Construed.*
A contract of insurance with a fraternal insurance company provided for the payment of a certain benefit whenever a member thereof, by reason of disease, accident, or otherwise, should become totally and permanently disabled from following his usual or regular business, occupation, or profession.   A member who was a pharmacist and engaged in running a drug-store was accidentally shot in the left arm, and it was amputated at the shoulder-

joint, and no other injury was alleged to have been sustained. In an action on the contract of insurance, it is *held*, that the loss of the left arm alone does not constitute a total disability, within the terms and meaning of the contract.

Error from Labette district court; A. H. SKIDMORE, judge. Opinion filed June 9, 1900. Affirmed.

*W. D. Atkinson,* for plaintiff in error.

*Boyle & Dillard,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J. : Irvin Smith brought an action against the supreme lodge of the Order of Select Friends, a fraternal insurance organization, to recover $3000 on an insurance contract. The order had issued to him a certificate which entitled him to a benefit from the relief fund, not exceeding $3000, in case of disability or death, in such manner as the constitution and general laws of the order governing the relief fund provided. The constitution and general laws provide for the payment of a benefit for disability whenever a member, by reason of disease, accident, or otherwise, while engaged in the performance of any reputable or legitimate business or recreation, becomes totally and permanently disabled from following his usual or regular business, occupation, or profession. One section of the general law provides :

"The following, among other things, are hereby declared to be total and permanent disabilities within the meaning of the laws of this order : The loss of both eyes, the loss of one hand and permanent crippling of the other ; the loss of one foot and permanent crippling of the other leg or foot."

The plaintiff was a pharmacist engaged in running a drug-store in the city of Parsons, and on December 4, 1897, he suffered an accidental gunshot wound in

the left arm, and it became necessary to amputate the arm at the shoulder-joint.  The right hand was not injured, nor was any other injury sustained, but the plaintiff alleged and claimed that the loss of the left hand constituted a permanent and total disability within the terms of the contract, and claimed a recovery for $3000.  Upon a demurrer to the petition, the court held that the loss of the left arm alone did not constitute a permanent and total disability, within the terms and meaning of the contract between the order and the member, and of this ruling complaint is made.

The ruling and judgment of the court must be sustained.  The petition set forth the nature and extent of the plaintiff's injury in detail, and then averred that it constituted a total and permanent disability, but the last averment is no more than a conclusion. The sufficiency of the petition is to be determined from the facts stated therein and those of which the court must take notice.  The occupation of the plaintiff, namely, pharmacist, or druggist, is well understood, and of the requirements of the business the court must take notice.  While the loss of an arm and hand is a serious one, it cannot be held to be a total disability. It is a matter of common knowledge that much, if not all, of the work and business of a druggist can be fairly well done by one who has lost a hand.  He will not be able to compound medicines so conveniently and expeditiously as a person who has both hands, but a large proportion of the medicines sold in a drug-store to-day are compounded and ready for sale before they reach the hands of the retail dealer.  It is equally well known that a large proportion of the business of the ordinary drug-store consists in the sale of medical stores and instruments, toilet articles, holiday goods,

cigars, soda and mineral waters, etc., and hence all know that this, if not all the work of a druggist, may be done and the business conducted with reasonable efficiency by a person who has lost a hand. To sustain his claim the plaintiff must show more than a partial disability. He cannot recover under the contract of insurance which fixed the right of one party and the liability of the other unless he has sustained a total disability—that is, a complete disability to carry on the business of a druggist.

This view is strengthened by that provision of the law of the order declaring what shall constitute a total and permanent disability. It specifically refers to such loss as was sustained in this case, and provides that the loss of one hand and the permanent crippling of the other shall be deemed a total and permanent disability within the meaning of the law. This definition and declaration as to what shall constitute a total disability is a part of the contract and binding on both parties. Whether an injury constitutes a total disability is ordinarily a question for the jury, but from the facts alleged here, and the well-known requirements of the plaintiff's occupation, it is clear that the plaintiff is not totally and permanently disabled from carrying it on. So to hold would be to alter the contract which has been made between the parties and to enlarge the liability of one of them beyond that which had been stipulated on. (*Lyon v. The Railway Passenger Assurance Co.*, 46 Iowa, 631; *Rhodes v. The Railway Passenger Ins. Co.*, 5 Lans. [N. Y.] 71; *Albert v. Order of Chosen Friends*, 34 Fed. 721; *Hutchinson v. Supreme Tent, etc.*, 68 Hun, 355, 22 N. Y. Supp. 801; *Saveland v. The Fidelity & Casualty Co. of New York*, 67 Wis. 174, 30 N. W. 237.)

The judgment of the district court will be affirmed.