### The Switchmen's Union of North America

*v.*

### Charles G. Colehouse.

*Opinion filed June 19, 1907.*

1. Benefit societies—*rules are liberally construed so as not to defeat purpose of indemnity.* The rules and by-laws of a fraternal insurance society are to be construed liberally so as not to defeat the purpose of the indemnity offered to members, and in construing such rules equivocal expressions are to be interpreted most strongly against the society.

2. Same—*by-law relating to total disability construed.* A by-law providing for payment of the full amount of the insurance certificate to a member in case of total disability, which states that certain specified injuries, including total blindness, shall be considered total disability, and that the full amount shall be paid for "any physical disability that may permanently disqualify a member from performing the duties of a switchman," means, only, that

227—36

where the injury is one of those specified no proof of total disability is required but such proof is necessary in case of other injuries.

3. SAME—*when member is entitled to full payment of certificate for loss of one eye.* Under a by-law providing for payment of the full amount of an insurance certificate for "any physical disability that may permanently disqualify a member from performing the duties of a switchman," a member who loses one eye is entitled to full payment if he proves that such injury permanently disqualifies him from performing his duties as a switchman, even though a preceding clause of the by-law states that "total" blindness shall be considered total disability.

4. SAME—*member must have notice of rejection of claim—limitations.* Before a benefit society can plead in bar a provision of a by-law requiring suit to be brought within six months from the rejection of a member's claim by the grand lodge, it must be alleged that the member had notice of such rejection for that length of time before bringing suit.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. ROBERT W. WRIGHT, Judge, presiding.

JAMES C. MCSHANE, for appellant.

KRETZINGER, GALLAGHER, ROONEY & ROGERS, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

Appellant is an organization of switchmen, having for one of its objects an insurance for the protection and relief of its members in case of their becoming totally disabled as defined in the laws and rules of the order, or of their families in case of death of the member. Appellee became a member of appellant and on his application a beneficiary certificate or policy was issued to him, whereby appellant agreed, in consideration of the payment by appellee of all dues and assessments agreed to be paid for said insurance, in accordance with the laws, rules and regulations of the organization, that it would pay to him, his conservator or

assigns, in case of total disability as defined by the laws, rules and regulations of the society, or to his mother in case of his death, $1200.   Appellee, while in good standing in the organization and while switching cars for the Chicago, Lake Shore and Eastern Railway Company, received such an injury to one of his eyes that it became necessary to remove it.   Section 16 of the laws of the appellant reads as follows:  "Any member suffering, by means of physical separation, the loss of four fingers of one hand at or above the second joint, or of three fingers and thumb of one hand at or above the second joint, or the loss of one foot at or above the instep, or who shall become totally blind or totally deaf, shall be considered totally and permanently disabled and shall receive the full amount of his beneficiary certificate; likewise any physical disability that may permanently disqualify a member from performing the duties of a switchman, provided that such permanent disability occurred after he became a member of this department or was not caused improperly or through negligence."   Appellee claimed that he was permanently disqualified by his injury from performing the duties of a switchman and was therefore entitled to the $1200.   The proof supported his contention that his injury disqualified him from the performance of the duties of a switchman.   Appellant denied liability, and this suit was brought by appellee to recover said sum.   Appellant pleaded the general issue and two special pleas.   Demurrers were sustained to both special pleas.   A jury was waived and the cause tried by the court, resulting in a judgment for appellee for the $1200 and interest thereon, amounting in all to $1345.   The Appellate Court has affirmed that judgment, and a further appeal is prosecuted to this court.

It is first insisted by appellant that the first clause in section 16 of its laws, which provides that a member who becomes totally blind shall be considered totally disabled and entitled to receive the full amount of his beneficiary

certificate, does not justify a recovery, for the reason that appellee is not totally blind; and that the second clause, viz., "likewise any physical disability that may permanently disqualify a member from performing the duties of a switchman," applies only to disabilities not included in the first clause; that it has no application to loss of sight or any of the other disabilities mentioned in the first clause, but refers only to such injuries and disabilities as internal injuries, fractures, etc., which are not mentioned and included in said first clause. In other words, the construction contended for by appellant is, that to entitle a member of the organization to recover on account of a disqualification from the performance of the duties of a switchman from loss of sight, such loss of sight must be total; that even though the loss of one eye might disqualify the member from the performance of the duties of a switchman, there could be no recovery.

It is apparent from section 16 of the laws of appellant, the object of the indemnity is for the relief of members who become totally disabled from the performance of their duties. Some things that appellant specially declares shall constitute a total disability are loss, by physical separation, of four fingers of one hand or three fingers and thumb of one hand at or above the second joint, the loss of one foot at or above the instep, and total blindness or total deafness. That these were not the only disabilities that were intended to be total, within the meaning of said section, is plain from the second clause, which gives a member the right to the full benefit named in the certificate if permanently disqualified from performing the duties of switchman by "any physical disability." The laws and rules of the appellant are to be construed liberally in favor of appellee so as not to defeat the object and purpose of the insurance or indemnity. (*Healey* v. *Mutual Accident Ass.* 133 Ill. 556.) Where it is sought to narrow the range of liability by insurance companies or societies, equivocal expressions are to be inter-

preted most strongly against the company. (*Commercial Ins. Co.* v. *Robinson,* 64 Ill. 265.) "The language of the policy, particularly in determining whether the liability is limited, is always to be strictly construed against the insurer." (*Queen Ins. Co.* v. *Dearborn Savings Ass.* 175 Ill. 115.) The language and arrangement of the clauses of section 16 are the language and arrangement of appellant, and in such cases it was held in *Union Mutual Accident Ass.* v. *Frohard,* 134 Ill. 228, that the interpretation must be most strongly against appellant; that the language used should be construed according to its common and literal meaning, in favor of the assured. In *Forest City Ins. Co.* v. *Hardesty,* 182 Ill. 39, it was held that where the contract of insurance is so framed as to leave room for construction, that construction should be adopted which will not impair the indemnity, and if a clause in a policy is susceptible of two interpretations, courts will adopt the one which is most favorable to the assured, in order to indemnify him for the loss sustained. That case was cited and quoted from with approval in *Terwilliger* v. *National Masonic Accident Ass.* 197 Ill. 9.

The ordinary meaning and common understanding to be deduced from the language of said section 16, which forms a part of the contract of insurance, is, that as to certain injuries which are declared to constitute total disability no proof of that fact would be required, but that if total disability is claimed to result from any other than the specified cases it would be the subject of proof. The testimony offered by appellee tended to show that since the loss of his eye he attempted to perform the duties of switchman but had been unable to do so by reason of his injury, and that he had been discharged on that account, and had subsequently been refused employment, because of his injury, by another railroad company. While loss of one eye would not totally disable him from the performance of certain duties, yet the only proof offered in this case on that subject

was to the effect that it did disqualify him from performing the duties of a switchman, and we think such disability was within the meaning of the contract of insurance.

It is contended the court erred in sustaining a demurrer to one of appellant's special pleas. This plea alleged that section 19 of the rules and regulations of appellant provided that suits on beneficiary certificates should be barred unless begun within six months after final rejection of the claim by the grand lodge. The plea alleged that appellee's claim was finally rejected by the grand lodge prior to March, 1903, and suit not having been commenced until November 17, 1903, the claim was therefore barred. There is no averment in the plea that appellee had notice of the rejection of his claim by the grand lodge more than six months before commencing suit. The rejection of the claim being a matter peculiarly within the knowledge of appellant, the limitation did not begin to run until appellee had notice of such rejection. *Chase* v. *Sycamore and Courtland Railroad Co.* 38 Ill. 215, was a suit to recover on a subscription to stock in a railroad company. The subscription paper contained a provision that no part of the amount subscribed by any of the subscribers should be payable unless $5000 had been secured, and it was held a suit could not be maintained until the subscriber had received notice that $5000 had been subscribed. The court said (p. 219): "When the fact or circumstance on which performance of a contract depends lies more particularly in the knowledge of the promisee than the promisor, the former must give the latter notice,"—citing numerous authorities. We think the rule announced in that case and the cases there cited applicable here, and that the court did not err in sustaining the demurrer to the plea.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*