Third District—October, 1914. 479

Convery v. Brotherhood of Railroad Trainmen, 190 Ill. App. 479.

## John J. Convery, Appellee, v. Brotherhood of Railroad Trainmen, Appellant.

1. Insurance, § 717*—*provision in constitution and by-laws of benefit society construed.* A section in the constitution and by-laws of a benefit society merely providing what in certain instances will be considered a total disability of a member, *held* not to have the effect of excluding all liability for any other kind of· permanent disability than that enumerated therein.

2. Insurance, § 740*—*rule in construing contract.* In construing beneficial insurance contracts, an ambiguity and uncertainty created when the benefit certificate is read in connection with the constitution and by-laws must be resolved in favor of the assured.

3. Insurance, § 856*—*when provision making decision of board of benefit society final invalid.* A provision in the constitution and by-laws of a benefit society which leaves it wholly within the discretion of the beneficiary board whether they will pay any disability claims, and provides that such provision may be pleaded in any suit brought on a benefit certificate and that no appeal shall be allowed from the decision of the board, *held* to be against public policy.

Appeal from the Circuit Court of Sangamon county; the Hon. James A. Creighton, Judge, presiding. Heard in this court at the April term, 1914. Affirmed. Opinion filed October 16, 1914. *Certiorari* denied by Supreme Court (making opinion final).

George M. Morgan, for appellant; E. Jay Pinney, of counsel.

T. F. Condon and Albert Salzenstein, for appellee.

Mr. Justice Eldredge delivered the opinion of the court.

In the language of counsel for appellant: "This is an appeal from a judgment of $1,350.00 obtained by appellee against appellant in assumpsit for injury sustained by him to his right knee, which appellee claims and the evidence tends to prove resulted in a total and permanent disability from performing the duties of a railroad trainman."

*See. Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Appellant on the 9th day of July, 1905, issued a beneficiary certificate to appellee in which it is declared that he "is entitled to all the rights, privileges and benefits of membership, and to participate in the beneficiary department Class C of said Brotherhood to the amount set forth in the constitution thereof, which amount, in the event of his total and permanent disability, shall be paid to him, or at his death shall be paid to his mother, if living," etc. The certificate also provides that it is issued on the condition that appellee shall comply with the constitution, by-laws, rules and regulations then in force, or which may thereafter be adopted by the said Brotherhood, and which are made a part thereof. To the declaration appellant filed the plea of general issue and three special pleas. To the special pleas a demurrer was sustained, and the only error presented to this court for consideration is the ruling of the trial court in sustaining the demurrer to the special pleas. These special pleas, in substance, aver that under the multitude of by-laws, rules, regulations and sections of the constitution the certificate does not mean what it says, and although appellee, in fact, became totally and permanently disabled and has paid all his assessments to said Brotherhood for nearly five years and performed all his obligations thereto, nevertheless he is not totally and permanently disabled and appellant is not liable to pay this certificate.

Appellant is a fraternal beneficiary association organized under the laws of this State, and the ostensible object of its organization appears to be: "To unite the railroad trainmen, to promote their general welfare and advance their interests, social, moral and intellectual, to protect their families by the exercise of a systematic benevolence very needful in a calling so hazardous as theirs." Section 54 of the constitution and by-laws provides for the establishment of a general fund, beneficiary fund, beneficiary reserve fund, protective fund and a convention fund. Section 58 provides that the beneficiary fund, in which all

members, excepting nonbeneficiary members, shall participate, shall be disbursed exclusively in paying death, total and permanent disability and benevolent claims as described in sections 68, 69 and 70. This section further provides that the general secretary and treasurer shall, in order to maintain said fund, levy assessments monthly upon each beneficiary member in the following amounts, viz.: Upon each $1,350 certificate, $2; upon each $1,000 certificate, $1.50; and upon each $500 certificate, 75 cents. Section 60 provides for three classes of beneficiary certificates, viz.: Class A, $500, Class B, $1,000 and Class C, $1,350. Each certificate shall provide for the payment in accordance with the constitution of the full amount of such Class upon the death of the member insured therein or upon his becoming totally and permanently disabled within the meaning of Section 68. Section 68 is as follows:

"Sec. 68. Any beneficiary member in good standing who shall suffer the amputation or severance of an entire hand at or above the wrist joint, or who shall suffer the amputation or severance of an entire foot at or above the ankle joint, or who shall suffer the complete and permanent loss of sight of both eyes, shall be considered totally and permanently disabled and shall thereby be entitled to receive, upon furnishing sufficient and satisfactory proofs of such total and permanent disability, the full amount of his beneficiary certificate, but not otherwise."

Section 70 provides that all claims of disability not coming within the provision of section 68 shall be held to be addressed to the systematic benevolence of the Brotherhood and shall in no case be made the basis of any legal liability on the part of the Brotherhood. Every such claim shall be referred to the beneficiary board, composed of the president, assistant president, and general secretary and treasurer, who shall prescribe the character and decide as to the sufficiency of the proofs to be furnished by the claimant, and if approved by said board, the claimant shall be paid an amount equal to the full amount of the certificate held by him,

and such payment shall be considered a surrender and cancellation of such certificate, provided that the approval of said board shall be required as a condition precedent to the right of any claimant to benefits thereunder; and, further, that said section may be pleaded in bar of any suit or action at law, or in equity, to enforce the payment of any such claims, and that no appeal shall be allowed from the action of the board in any case.

It is insisted that section 68 defines what shall be a total and permanent disability and that it excludes all liability for any other kind of permanent disability than that enumerated therein, no matter how total and complete it may be. We do not think this section should receive any such construction. This section simply provides what in certain instances will be considered a total disability, thus, if a member shall suffer the amputation of an entire hand at or above the wrist joint, or of a foot at or above the ankle joint, or the complete loss of sight of both eyes, he will be considered as being totally and permanently disabled without further question, and upon furnishing sufficient and satisfactory proofs the full amount of his certificate will be paid, but not otherwise. The words "but not otherwise" refer to the furnishing of the proofs in such cases, and do not have the effect of excluding liability for all other forms of permanent injury. At least an ambiguity and uncertainty is created when the certificate is read in connection with these various sections of the constitution and by-laws, and it is a fundamental law of construction of insurance contracts in this State that all such uncertainties shall be resolved in favor of the assured.

In any event, however, appellee would have a right to recover under section 70. Section 58, above mentioned, provides that the Grand Lodge shall establish and maintain a fund to be known as a beneficiary fund in which all members, excepting nonbeneficiary mem-

bers, shall participate, same to be disbursed exclusively, in paying death, total and permanent disability and benevolent claims as described in sections 68, 69 and 70. Section 70 provides that all claims for disability not coming within the provision of section 68 shall be held to be addressed to the systematic benevolence of the Brotherhood and every such claim shall be referred to the beneficiary board, and if approved by said board the claimant shall be paid an amount equal to the full amount of the certificate held by him. Appellee filed his claim in proper form under said section 70 with said board but the "systematic benevolence" of appellant was refused in this instance for "insufficient evidence." Section 58 declares that appellee shall participate in the beneficiary fund for permanent disability as described in section 70. Section 70 described such disabilities as all those not coming within the provision of section 68. It is insisted, however, that as section 70 leaves it wholly within the discretion of the beneficiary board whether they will pay any disability claims or not, and provides that said section may be pleaded in any suit brought on said certificate, and that no appeal shall be allowed from the action of said board and that said board having rejected the claim of appellee, he has no remedy. These provisions are clearly contrary to public policy. In the case of *Brotherhood of Railway Trainmen v. Greaser*, 108 Ill. App. 598, the court in passing upon this section states in its opinion: "The trend of judicial authority is so decidedly against the propriety of allowing one of the parties or its especial representatives, to be judge or arbitrator in its own case, that even a strained interpretation will be resorted to, if necessary to avoid such a result. If a different construction is fairly admissible it should be adopted." And again in the case of *Bond v. Brotherhood of Railroad Trainmen*, 165 Ill. App. 490, it was held: "It appears to us that it is plainly against the policy of the law to permit a beneficiary society to determine by

its own officers whether or not conditions have arisen which entitled a beneficiary under one of its policies to benefits so as to prevent that beneficiary from applying to the court for relief in case of the neglect or refusal by the society to determine his rights or to pay his claim. The demurrers to the special pleas were, in our opinion, properly sustained.''

In the last case the court also held: ''One of the objects of the certificate is plainly to insure benefits to the beneficiary in the event of his total and permanent disability and it is reasonable to assume that this is one of the reasons why the beneficiary takes out his certificate and pays his dues and assessments, but the provision of the constitution above referred to, deprives him, except in certain limited cases, of those benefits. That the interpretation sought to be given the certificate and constitution, by appellant, is unjust and unfair to the beneficiary, is obvious and, as it appears to us, cannot be sustained under the holdings of our courts of appellate jurisdiction.'' To this we fully agree.

The judgment of the Circuit Court will be affirmed.

*Affirmed.*