Fourth District—April, 1917.      209

Dunlap v. Brotherhood of Railroad Trainmen, 206 Ill. App. 209.

## Harry B. Dunlap, Appellee, v. Brotherhood of Railroad Trainmen, Appellant.

1. Insurance, . § 717*—*right to show total and permanent disability under certificate where disability not of class specified.* A total and permanent disability may be shown to be such, in an action to recover under a benefit insurance certificate providing payment of a certain amount upon total and permanent disability, notwithstanding the disability is not of the character set forth in a portion of the constitution of the association issuing such certificate declaring certain injuries to constitute total and permanent disabilities.

2. Insurance, § 897*—*when question whether injuries constitute a total and permanent disability is for jury.* The question whether certain injuries constitute a total and permanent disability, in an action to recover under a benefit insurance certificate providing that a certain amount shall be paid upon total and permanent disability, where such injuries were other than those declared in a portion of the constitution of the association issuing such certificate to constitute total and permanent disability, *held* to be for the jury, and a directed verdict upon such question would be error.

3. Pleading, § 50*—*what are requirements of declaration.* A declaration must be sufficient in itself, without reference to extraneous matters.

4. Insurance, § 867*—*when declaration in action on benefit certificate is insufficient.* A declaration, in an action to recover under a benefit insurance certificate, not containing any allegation from which it could be determined the amount of recovery plaintiff would be entitled to, if successful, but merely referring to the constitution of the association issuing such certificate as the basis of plaintiff's right to recovery, *held* insufficient on general demurrer.

5. Appeal and error, § 1713*—*when assignment of error waived.* Where an appellant's counsel makes no reference in his brief and argument to an assignment of error, such assignment is taken as waived.

6. Insurance, § 868*—*when plea setting up provision barring claim is insufficient.* Where the constitution of a beneficial insurance association provided that an action upon a certificate issued by such association should be barred unless brought within six months "after the final rejection of the claim by the Board of Insurance" of the association, a plea setting up such provision in an

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.
Vol. CCVI 14

210     Appellate Courts of Illinois.

Dunlap v. Brotherhood of Railroad Trainmen, 206 Ill. App. 209.

action based upon such a certificate averring merely that "the Board of Insurance rejected plaintiff's claim," *held* insufficient on demurrer, as not averring also that such rejection was final; such plea being taken most strongly against the pleader and, because being based upon a provision limiting the right to bring action, it must come specially within such provision.

7. Insurance, § 887*—*when certificate is admissible without requiring proof of existence of fund in beneficiary department.* In an action to recover under a benefit insurance certificate, providing that the beneficiary is entitled to participate in the beneficiary department of the association issuing such certificate to the amount set forth in the constitution of the association, which provided for the payment of a definite amount, such certificate *held* admissible in evidence without first requiring proof that there was a fund provided for in its beneficiary department.

Appeal from the Circuit Court of St. Clair county; the Hon. George A. Crow, Judge, presiding. Heard in this court at the October term, 1916. Reversed and remanded. Opinion filed April 13, 1917.

W. C. Collister and W. P. Launtz, for appellant.

T. M. Webb, for appellee.

Mr. Justice Boggs delivered the opinion of the court.

Action was brought by appellee in the Circuit Court of St. Clair county upon a benefit certificate issued by appellant. To the declaration filed in said cause, counting on said certificate, appellant filed a plea of the general issue and three special pleas, setting up certain sections of appellant's constitution and by-laws relied on by it as a defense in said cause. A demurrer to said special pleas was sustained, and the cause went to trial on the declaration and plea of general issue. At the close of all the evidence appellant requested the court to peremptorily instruct the jury to find the issues in its favor, which request was refused. Thereafter, upon motion of appellee, the court directed the jury to find the issues in favor of appellee and to assess his damages at $1,968.55.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

The record discloses that on the 15th day of January, 1910, appellee suffered a serious and permanent injury to his right foot, while working for the Wiggins Ferry Company as a switchman in East St. Louis; that appellee is twenty-nine years of age; was a member of appellant, Brotherhood, from October 1906 to the day of trial. The record further discloses that appellee made proofs of injury which were forwarded to the Grand Lodge of appellant, Brotherhood.

Motions for a new trial and in arrest of judgment were overruled, and judgment was rendered on the verdict. It is first insisted by appellant, for a reversal of said judgment, that the court erred in directing a verdict in favor of appellee.

The benefit certificate sued on provided among other things that the beneficiary is entitled to all the rights, privileges and benefits of membership and to participate in the beneficiary department, Class C. of said Brotherhood, to the amount set forth in the constitution thereof, which amount in the event of his total and permanent disability shall be paid.

Section 60 of the constitution of appellant is as follows: ''There shall be four classes of beneficiary certificates, namely Class A. $550, Class B. $1,100, Class C. $1,500, Class D. $2,000. Each class shall be evidenced by a beneficiary certificate to be issued under the hands of the President and General Secretary and Treasurer and in the name and under the seal of the Grand Lodge. Each certificate shall show in which class it was issued, and provide for the payment, in accordance with the constitution, of the full amount of such class upon the death of the member insured therein, or upon his becoming totally and permanently disabled within the meaning of section 68.''

Section 68 of the constitution referred to in section 60 was not offered in evidence on the trial of the cause. That section, however, is set forth in appellant's third special plea, to which the court sustained a demurrer.

An examination of this section discloses that certain injuries therein set forth are declared to constitute a total and permanent disability. Appellant therefore argues that a total and permanent disability can only arise under the certificate sued on, upon proof of the character of injuries set out in said section 68. However, this court in the case of *Bond v. Grand Lodge Brotherhood of Railroad Trainmen,* 165 Ill. App. 490, and the Appellate Court of the Third District in the case of *Convery v. Brotherhood of Railroad Trainmen,* 190 Ill. App. 479, have held a total and permanent disability may be shown under a benefit certificate similar in character to the certificate sued on in this case, notwithstanding the injury is not of the character set forth in said section 68 of appellant's constitution.

In *Convery v. Brotherhood of Railroad Trainmen, supra,* the court at page 482 says: "It is insisted that section 68 defines what shall be a total and permanent disability and that it excludes all liability for any other kind of permanent disability than that enumerated therein, no matter how total and complete it may be. We do not think this section should receive any such construction. This section simply provides what in certain instances will be considered a total disability, thus, if a member shall suffer the amputation of an entire hand at or above the wrist joint, or of a foot at or above the ankle joint, or the complete loss of sight of both eyes, he will be considered as being totally and permanently disabled without further question, and upon furnishing sufficient and satisfactory proofs the full amount of his certificate will be paid, but not otherwise. The words 'but not otherwise' refer to the furnishing of the proofs in such cases, and do not have the effect of excluding liability for all other forms of permanent injury. At least an ambiguity and uncertainty are created when the certificate is read in con-

nection with these various sections of the constitution and by-laws, and it is a fundamental law of construction of insurance contracts in this State that all such uncertainties shall be resolved in favor of the assured.'' Under the holding in this case the question of a total and permanent disability becomes a question of fact to be determined by the jury, except as to those injuries set forth in section 68. It is not contended that the evidence in this record shows an injury of the character mentioned in section 68 of appellant's constitution, but is that character of injury which may or may not constitute a total and permanent disability under the certificate sued on. The injury in question consisted of an injury to all of the toes of appellee's right foot, except the small toe, and an injury to his instep. It was therefore error for the court to direct a verdict in favor of appellee, for in doing so the court, in effect, had to find that the injury sustained by appellee constituted a total and permanent disability under the certificate sued on. Appellant was entitled to have this question determined as a question of fact by the jury.

It is next insisted by appellant that the court erred in overruling appellant's motion in arrest of judgment for the alleged reason that the declaration is insufficient to support a judgment, even after verdict. Inasmuch as the judgment will have to be reversed for the reason above set forth, it is not necessary for us to determine whether or not the declaration is sufficient to support a judgment after verdict, but only as to whether the declaration would be good on general demurrer.

The declaration does not contain any allegation or allegations from which it can be determined the amount of recovery appellee would be entitled to if successful. The declaration, in effect, refers to appellant's constitution as the basis of its right of re-

covery.   That part of the constitution relied on is not set out in the declaration either *in hæc verba* nor in legal effect.   The declaration must be sufficient in itself, without reference to extraneous matters.   *Mutual Accident Ass'n v. Tuggle,* 138 Ill. 428; *Heffron v. Rochester German Ins. Co.,* 220 Ill. 514; *Fish v. Farwell,* 160 Ill. 236.   The declaration is clearly insufficient.

It is next insisted by appellant that the court erred in sustaining the demurrer to its three special pleas. The first special plea relied on section 68 of appellant's constitution, above referred to, as a defense to appellee's cause of action.   Under the construction placed on said section 68 by this court, and by the Appellate Court of the Third District, the court did not err in sustaining a demurrer to this plea.   No reference is made by counsel for appellant in its brief and argument as to the ruling of the court in sustaining the demurrer to its second special plea.   The assignment of error with reference to that plea is therefore taken as waived.

Appellant's third special plea is based on section 64 of its constitution, which provides as follows: "All right of action upon beneficiary certificates shall be absolutely barred unless proofs of death or total and permanent disability shall be forwarded to the General Secretary and Treasurer as hereinafter required, within six months after such death or disability occurs; and it shall be likewise barred unless such action shall be commenced in some court of competent jurisdiction within six months after the final rejection of the claim by the Board of Insurance."   After pleading the above provision of its constitution, appellant avers "that the Board of Insurance rejected plaintiff's claim," and that no action or suit was commenced by appellee in any court within six months after the rejection of his claim by the said Board of Insurance.

The section above quoted provides for the suit being instituted within six months "after the final rejection of the claim by the Board of Insurance." The averment of the plea is that the claim was rejected, but it does not state that the rejection of the Board of Insurance was final. The plea is taken most strongly against the pleader and, being based on a provision limiting the right to bring action, must come specially within its provisions. The court did not err in sustaining the demurrer to said plea.

Lastly, it is argued by appellant that the court erred in admitting the certificate sued on in evidence without requiring proof that there was a fund provided for in its beneficiary department for a disability benefit. Section 60 of the constitution above referred to provides that each certificate shall show in which class it was issued, and provides for the payment in accordance with the constitution of the full amount of such claim upon the death of the member insured therein or upon his becoming totally and permanently disabled. As the constitution provided for the payment of a definite sum upon proof of total and permanent disability, the court did not err in admitting in evidence the certificate sued on without first requiring the proof referred to.

For the error in directing a verdict as above set forth, the judgment is reversed and the cause remanded.

*Reversed and remanded.*