Cheshire,
June 29, 1933.

## Ephraim Duhaime

*v.*

## Prudential Insurance Company of America.

308

*Henry C. Arne* (by brief and orally), for the plaintiff.

*Thorp & Branch* (*Mr. Frederick W. Branch* orally), for the defendant.

WOODBURY, J. The issue presented is whether or not the injuries which the plaintiff has suffered bring him within the terms of the policy so as to entitle him to the benefits which he claims.

"In construing insurance policies courts are governed by the same general rules which are applicable to other written contracts. That is to say, it is the duty of the court to adopt that construction of the policy which, in its judgment, shall best correspond with the intention of the parties." *Johnson* v. *Casualty Co.*, 73 N. H. 259, 262. Their intention is to be determined by reference to the words which they used in the policy. In doing so an external standard is adopted. "This was language used by the insurer to the insured. The test is not what the insurer intended its words to mean, but what a reasonable person in the position of the insured would have understood them to mean." *Watson* v. *Insurance Co.*, 83 N. H. 200, 202; *Cartier* v. *Casualty Co.*, 84 N. H. 526, 527.

The words "wholly and permanently" are not to be construed literally. *Thayer* v. *Insurance Co.*, 68 N. H. 577. The insured does not have to be in a condition of complete helplessness and utter hopelessness in order to be entitled to the benefits of the policy. On the other hand they are not to be given the meanings of their antonyms; they are not to be construed to mean "partial" or "temporary," nor is any presumption to be indulged in for the benefit of either party.

Cases in other jurisdictions construing other policies and applying other canons of construction throw little light upon this problem.

In determining when an insured is "permanently disabled . . . or incapacitated . . . to such an extent that he . . . is . . . wholly and permanently unable to engage in any occupation or . . . work for . . . compensation of financial value," regard must be had to more than his physical condition. It is self-evident that an injury which might re-

duce an illiterate laboring man to a condition whereby he could only earn his living by begging, might not in any wise impair the earning power of a business or professional man. Regard must be had to the insured, to his age, education, experience, training and capabilities. The insurer cannot avoid the payment of benefits because theoretically the insured could educate himself for some non-manual employment.

The fact that the insured was employed for wages after August 8, 1930, does not conclusively preclude liability on the part of the insurer (*Bachman* v. *Insurance Co.*, 78 N. H. 100, 107) but is, of course, a matter to be considered on the issue of incapacity.

But in the same paragraph of the policy quoted above the following sentence appears: "Without prejudice to any other cause of disability, the permanent loss of the sight of both eyes, or loss by severance of both hands above the wrists, or of both feet above the ankles, or of one hand and one foot, shall be considered disability or incapacity within the meaning of this provision." From these illustrations of disability the plaintiff, as a reasonable man, must have understood that injuries of substantially similar crippling effect must be sustained by him before he would be entitled to the benefits named in the policy.

It cannot be said that the hemorrhoids rendered the plaintiff "wholly and permanently" incapacitated, because that condition was corrected by an operation. One may not claim permanent injury for a condition which not only may be, but has been, corrected by surgery.

The condition of the plaintiff's right arm, though painful and weakened, does not prevent him from doing all kinds of manual labor, but only from doing heavy manual labor. Furthermore, the medical experts all unite in their testimony that the duration of the disability is problematical. This falls short of showing either whole or permanent disability as those terms are used in the policy. Therefore the defendant's motion for nonsuit should have been granted.

In view of this disposition of the motion the exceptions to the charge need not be considered.

*Judgment for the defendant.*

BRANCH, J., did not sit: the others concurred.