13759

MARSHALL v. KANSAS CITY LIFE INS. CO.

(172 S. E., 504)

*Messrs. Benet, Shand & McGowan,* for appellant, ██

*Messrs. Gregory & Gregory,* for respondent, ██

January 19, 1934.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

This action by W. B. Marshall, as plaintiff, against Kansas City Life Insurance Company, defendant, commenced in the Court of Common Pleas for Lancaster County, September, 1932, is a suit to recover under the disability provisions of a policy of life insurance issued by the defendant. Issues being joined, the case was tried at the March, 1932, term of said Court before Hon. W. H. Townsend, Circuit Judge, and a jury, resulting in a verdict for the plaintiff for the amount involved. From judgment entered on the verdict

the defendant has appealed to this Court and asks a reversal of the said judgment upon the grounds stated in the exceptions.

The position of the appellant, as appears from appellant's brief, is that the exceptions raise the following questions:

"1. Was the plaintiff, a farmer, totally disabled within the definition of that term as adopted by this Court and under the terms of the policy, by the loss of four fingers on his left hand, when he was able to partially at least perform practically all of his accustomed duties, and outside work as well?

"2. Was the plaintiff entitled to recover for total disability for loss of four fingers when the policy states certain injuries which will constitute total disability, and the injury to the plaintiff was not one of the included injuries?"

In answering these questions it is necessary to consider the same in connection with the following provisions in the insurance contract involved:

"Upon receipt at the home office of the company, of the proof, upon blanks furnished by the company for that purpose, that, after the payment of the first annual premium upon this policy, and before default in the payment of any subsequent premium, and while this policy is in force, and before the insured has attained the age of sixty years, the insured has become and is totally and permanently disabled by bodily injury or disease, except as hereinafter provided, and will be continuously and wholly prevented thereby for life from engaging in any occupation, employment or work for wages, gain or profit, and that such permanent and total disability has existed during the preceding period of thirty days, the company will waive the payment of any subsequent premiums of this policy which fall due during the continuance of such total and permanent disability; and after the lapse of sixty days from the receipt of the aforesaid proof, if such total and permanent disability as herein defined has continued and then exists, the company will pay the insured

a monthly income of ten dollars per month for each $1,000-.00 of the amount of insurance named on the first page of the policy, the first of such monthly income payments to be made immediately upon approval of claim therefor, and a like amount on the corresponding day of each calendar month thereafter during the continuance of such total and permanent disability and the life of the insured, or until the maturity of this policy as endowment.

"The complete loss of the sight of both eyes, or of both hands, or of both feet, or of one hand and one foot, shall be deemed total and permanent disability hereunder."

In response to the allegations of the complaint, the plaintiff offered testimony tending to show, in effect, that subsequent to the issuance of the policy involved, and while the same was in full force and effect, the insured, on or about January 29, 1932, became permanently disabled by reason of injury to his hand, caused from a gunshot wound. In response to questions as to what effect this injury had upon the insured in making a living, the insured testified, in part, as follows:

"Q. Mr. Marshall, what occupation were you engaged in when you took out this insurance policy? A. Farming.

"Q. What was the nature of the work you performed personally at that time, Mr. Marshall? A. Well, all duties of farm work—plowing, hoeing and picking cotton.

"Q. Enumerate the various details you did yourself in connection with these duties? A. I did everything a farmer is supposed to do.

"Q. Enumerate them, what they are. A. I plowed, picked cotton, hoed, planted cantaloupes, hoed cantaloupes, plowed cantaloupes, hauled hay, and all other work that goes in connection with farming.

"Q. State whether or not you chopped wood? A. Yes, sir; I certainly did; I didn't have anybody else to chop it for me.

"Q. Were you doing those details yourself before January 20th, up to January 29, 1932? A. Yes, sir.

"Q. State whether or not you are able to do those things now, since your injury—state whether or not you have been able to do these things since your hand was injured, Mr. Marshall. A. I haven't.

"Q. State which of these things you are unable to do since your injury, in farming? A. Able to pick cotton, pick beans, hauling hay, practically all of it—some of it I can do, but if I do it I am doing it under a handicap.

"Q. Can you do any of those things you have enumerated there, since your injury, can you do them? A. Why, no, not successfully.

"Q. Since that injury, Mr. Marshall, have you continued, or tried to continue, to farm? A. Why, I haven't, no, not myself. I have had some farm work done, but not as much.

"Q. You have had it done? A. Yes, sir; some.

"Q. Have you tried to farm on as large a scale since your injury as you did before your injury? A. No, I haven't.

"Q. What is the difference in the extent of your farming you have done since then as compared with what you did before your injury, Mr. Marshall? A. Well, I have cut off a two-horse farm, you might say, this year.

"Q. Why have you cut off a two-horse farm this year? A. I couldn't do it properly—successfully.

"Q. Why couldn't you do it properly? A. I couldn't hire labor and carry it on profitably, and couldn't do it myself.

"Q. State whether or not you would have cut off that two-horse farm if you had not had this injury? A. I don't think so.

"Q. You made some statement about having to get help; state whether or not it is necessary for you to pay this help that you hire, since your injury? A. Absolutely, yes, sir.

"Q. Did you have that help before your injury? A. No, sir."

There was also offered in evidence by plaintiff other testimony which tended to corroborate the statements of the insured in several respects, and, in our opinion, the testimony, considered as a whole, made an issue for the jury on the question of total and permanent disability, as contemplated by the provisions of the policy. See *McCutchen v. Pacific Mutual Life Insurance Company*, 153 S. C., 401, 151 S. E., 67, and *Davis v. Metropolitan Life Insurance Company*, 164 S. C., 444, 162 S. E., 429, and authorities cited under these cases.

We are also unable to agree with the appellant as to the second question. As inferred from the question stated by appellant, the gunshot wound sustained by the insured destroyed the four fingers on his left hand, leaving only the thumb on that hand. It is the position of appellant that the injury suffered by the insured was not one of the included injuries contemplated under the provisions of the policy, and that, therefore, the plaintiff was not entitled to recover in the action, relying upon the following language contained in the policy, quoted above: "The complete loss of the sight of both eyes, or of both hands, or of both feet, or of one hand and one foot, shall be deemed total and permanent disability hereunder."

Counsel for appellant, in stating appellant's position in this respect, quotes the following language from 1 C. J., 463: "A policy designating certain injuries as amounting to total disability does not preclude a recovery for total disability resulting from injuries other than those specified, but precludes a recovery as for total disability when the injury is of a kind designated in the policy but does not reach the degree which the policy contemplates," citing the case of *Smith v. Supreme Lodge O. S. F.*, 62 Kan., 75, 61 P., 461, in which case it appears the Court held "that the loss of one arm does not constitute total disability where the policy provides that the loss of one arm and the permanent crippling of the other shall be so regarded." It is true the in-

sured lost only one hand but, in our opinion, the fact that he did not lose both hands or one hand and one foot did not preclude him from recovering under the policy for total and permanent disability, if the facts in the case, to be determined from the testimony, which was a jury question, show that he had by loss of one hand or in some other way become totally and permanently disabled, within the meaning of the provisions of the policy, under the rule declared in the case of *McCutchen v. Pacific Mutual Life Insurance Company, supra,* and *Davis v. Metropolitan Life Insurance Company, supra.* In our opinion, the insured has brought himself under the rule declared in these cases, and, therefore, the trial Judge did not err in refusing the motion for direction of a verdict and in submitting the issues in the case to the jury.

The exceptions are therefore overruled, and the judgment of the lower Court affirmed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES STABLER and BONHAM and MR. ACTING ASSOCIATE JUSTICE W. C. COTHRAN concur.