ELSIE E. JONES *v.* CONNECTICUT GENERAL LIFE INSURANCE COMPANY

(No. 7742)

Submitted February 14, 1934. Decided February 27, 1934.

652

*Brown, Jackson & Knight, Robert G. Kelly,* and *W. T. O'Farrell,* for plaintiff in error.

*Salisbury & Lopinsky,* for defendant in error.

KENNA, JUDGE:

Elsie E. Jones brought notice of motion for judgment in the circuit court of Kanawha County against Connecticut General Life Insurance Company for the purpose of recovering under a life insurance policy containing a total disability provision. The policy was issued by the defendant as a blanket contract covering the employees of Fletcher Enamel Company. At the time of her injury, the plaintiff was employed by that company. She operated a machine used to press metal into the forms required in the manufacture of enamel ware. The machine evidently used an upper and lower die of the required form, the upper die moving down on the lower with

great pressure. The operation performed by plaintiff required the insertion of the unformed metal into the machine with the left hand and the removal of the metal, stamped to form, with the right. Her right hand was caught in the machine and injured so that amputation of the index, second and third fingers at the hand knuckle and of the little finger directly above the knuckle was required. On account of this injury she claimed permanent total disability. The claim was rejected by the company. The notice of motion was afterwards brought, resulting in verdict and judgment for the plaintiff, and this writ of error is prosecuted to that judgment.

The questions raised by the assignments of error are the following:

(1) That the clause of the policy under which plaintiff claims contains definitions of total disability by loss of members and that these definitions are exclusive, precluding plaintiff's recovery.

(2) That the very nature of plaintiff's injury, as a matter of law, excludes the possibility of total disability.

(3) That plaintiff has failed in her proof to show that she will presumably during lifetime be prevented from pursuing any occupation for wages or profit, under the terms of the policy.

(4) That the trial court erred in giving plaintiff's instruction No. 1, and in refusing to give defendant's instructions Nos. 1, 4 and 6.

The clause of the contract of insurance giving basis for this action is the following: "If any employee shall furnish the Company with due proof that he has become totally disabled by injuries, sickness or disease, and has been continuously prevented thereby from performing any and every duty pertaining to his occupation and presumably will during his lifetime be prevented from pursuing any occupation for wages or profit, or if he has suffered the entire and irrecoverable loss of the sight of both eyes, or the loss of the use of both hands, or of both feet, or of one hand and one foot, he shall be deemed to be totally and permanently disabled, etc."

It is urged by the plaintiff in error that the general terms of this clause of the contract provide insurance against total disability arising otherwise than from the loss of members, but

that when it comes to total disability arising from the loss of members, the specific definitions of total disability from that cause contained in the policy are exclusive, and that the loss of members as a cause of total disability is confined to the kind of loss specified in the policy. On the other hand, the defendant in error would construe this paragraph of the policy to mean that the loss or partial loss of a member may, under the facts of any particular case as shown to the jury, constitute total disability to the plaintiff. This construction means that the total disabilities specifically named in the policy are not exclusive of others of like nature, but are simply to be accepted by the company at all events, leaving total disability from other causes to be determined by the circumstances of each particular case as it arises.

The position of the plaintiff in error apparently rests upon the maxim *expressio unius est exclusio alterius:* that of the defendant in error upon the broad general proposition that policies of life insurance are to be construed most favorably to the insured. We do not think that there is necessity for invoking rules of construction in getting at the meaning of this clause in the policy. It says that if the insured has become totally disabled by injury, sickness or disease and has been thereby continuously prevented from performing any and every duty pertaining to his occupation and presumably will during his lifetime be prevented from pursuing any occupation for wages or profit, he may claim under the policy. What follows is not stated to be in restriction of this general definition of total disability, and, in the absence of ambiguity, we do not invoke a rule of construction. The clause which follows is: ''Or if he has suffered the entire and irrecoverable loss of the sight of both eyes, or the loss of the use of both hands, or both feet, or of one hand and one foot, he shall be deemed to be totally and permanently disabled * * *.'' The specific definitions of total disability named in the policy give the insured the right to payment in case his injury comes within the defined disabilities, unconditionally and without regard to earning capacity. They are absolute but not exclusive. The recovery under the defined disabilities depends upon the nature of the injury regardless of its result. Under the general definition of total disability, the right to recover de-

pends upon the result of the injury, and not primarily upon its nature. Any injury, sickness or disease that results in incapacitating the insured from following his own occupation and from following any other gainful occupation for life is a total disability under the general terms. The insured may claim either under the general terms of the policy or he may claim under its specific definitions of total disability. This much seems to us to appear without the aid of any rules of construction. However, were we to construe this clause as though it were ambiguous, we would have to accept the rules of construction most favorable to the insured and this course would lead us to the same result. This is the settled rule in Illinois illustrated by the cases of *Switchmen's Union* v. *Colehouse*, 227 Ill. 561, 81 N. E. 696; *Dunlap* v. *Brotherhood, etc.*, 206 Ill. App. 209. The very recent South Carolina case of *Marshall* v. *Kansas City Life Ins. Co.*, 172 S. E. 504, decided January 19, 1934, is to the same effect. Specific examples of cases reaching the contrary conclusion are *Duhaime* v. *Prudential Ins. Co.*, (N. H.) 167 A. 269; and, under a contract somewhat different from the usual one, *Mady* v. *Switchmen's Union, etc.*, 116 Minn. 147, 133 N. W. 472. We regard the Illinois rule as the more sound of the two, hence follow it. This conclusion justified the trial court in refusing defendant's instruction No. 6 as offered.

The plaintiff in error contends that the very nature of the injury is such as to preclude the possibility of permanent and total disability under the policy and to constitute, so to speak, an irrefutable physical demonstration that plaintiff is not totally and permanently disabled. Its contention is that the court should have instructed the jury as a matter of law that plaintiff was not entitled to recover. Cases relied upon for this proposition are *Metropolitan Life Insurance Co.* v. *Wann*, (Tex.) 28 S. W. (2d) 196; *Buckner* v. *Jefferson Standard Life Ins. Co.*, 172 N. C. 762, 90 S. E. 897; *Parten* v. *Jefferson Standard Life Ins. Co.*, 30 Ga. App. 245, 117 S. E. 772, (in which a broken leg did not appear to be a permanent injury); *Hurley* v. *Bankers Life Ins. Co.*, 198 Iowa 1129, 199 N. W. 343; *Smith* v. *Supreme Lodge*, 62. Kan. 75, 61 P. 416; *Metropolitan Life Ins. Co.* v. *Blue*, 222 Ala. 665, 133 So. 707; *Duhaime* v. *Prudential Ins. Co.*, (N. H.) 167 A. 269; *Hutchinson*

v. *Supreme Tent,* 68 Hun. 355, 22 N. Y. Supp. 801; *Supreme Tent* v. *King,* 79 Ill. App. 145; *Lyon* v. *The Railway Passenger Association Co.,* 46 Iowa 631. Each of these cases has been carefully examined and as we understand the contention of the plaintiff in error, it is not sustained by the cases cited. It is true that in each case, there was a peremptory instruction, or its equivalent, for the defendant insurance company. However, in none of them does it clearly appear that the peremptory instruction was on account of the nature of the injury alone. The cases were taken from the jury because the plaintiff had failed to show that the injury, under the facts and circumstances disclosed by the evidence, deprived plaintiff of the ability to follow a gainful pursuit. In each case, the whole proof appears to have been considered, and the finding does not appear to have rested upon the nature of the injury itself showing that the plaintiff was not permanently and totally disabled. We have found no case that we think would sustain plaintiff's contention on this point, so hold that the trial court did not err in refusing to find for defendant below on this question.

The next question presented is: should the court, considering the nature of plaintiff's injury and the circumstances surrounding plaintiff at the time of the injury, together with the proof offered on the question of whether the plaintiff could follow her own or any other gainful occupation, have instructed the jury to return a verdict for the defendant? The plaintiff testified that she is a woman 49 years of age; that the only school she ever attended was an ungraded country school, and counts money up to fifty cents; that she is accustomed to performing only manual labor; that her injury has made it impossible for her to dress herself or comb her hair; that she cannot handle a broom and cannot operate the machine she had been operating in the usual and customary manner, notwithstanding that there is some proof that it might be operated with one hand, although that would be "very unhandy". Plaintiff testifies that her thumb is stiff; that she cannot grasp articles of any weight with her injured hand. Her physician testified that her thumb had not been injured and that she could perform any of the ordinary functions that a one-arm person could perform or a person who had

been similarly injured. There is no proof that she had ever followed an occupation for profit other than that in which she was injured. She states that she could not follow any occupation for gain. The defendant offered no proof.

It must be admitted that considering the nature of the injury and the proof offered, plaintiff's case is not a strong one. Yet, under the so-called liberal rule in total disability cases, to which West Virginia is committed by the *Hetzel* (108 W. Va. 22, 150 S. E. 385), the *Cody* (111 W. Va. 518, 163 S. E. 4), and the *Hayes* (171 S. E. 824) cases, the question is usually one for the jury. The cases hereinbefore referred to, cited by plaintiff in error, are cases that presented plain failure of proof on some material aspect of the plaintiff's case and did not turn entirely upon the nature of the injury. On the other hand, the case of *Indiana Life Endowment Co.* v. *Reed,* 54 Ind. App. 450, 103 N. E. 77, contains a useful discussion of total disability cases permitted to go to the jury. In that case, the plaintiff, a farmer and miner, lost one hand at the wrist, and although on appeal it was decided in favor of the plaintiff in error, defendant below, the court concluded that on the matter of total disability, plaintiff was entitled to go to the jury, the decision resting upon other grounds. In the case of *Brotherhood, etc.,* v. *Aday,* 97 Ark. 425, 134 S. W. 928, 34 L. R. A. (N. S.) 126, the court held that the paralysis of one hand of a railway fireman under the proof as to his capacity to earn a living entitled him to go to the jury. In *Switchmen's Union, etc.,* v. *Colehouse,* 131 Ill. App. 349, affirmed in 227 Ill. 561, 81 N. E. 696, the court held that under the circumstances shown, the loss of one eye entitled the plaintiff to go to the jury on the question of total disability as to his insured occupation. In *Dunlap* v. *Brotherhood of Railway Trainmen,* 206 Ill. App. 209, it was held that injuries to the toes and foot could constitute a total disability under the circumstances of the case, and the same principle was applied in *Convery* v. *Brotherhood, etc.,* 190 Ill. App. 479. The Supreme Court of Illinois afterward denied a certiorari. Cases of the same general nature in large number have been examined, but need not be here referred to. An examination of all the cases demonstrates the impossibility of formulating any general principle that will govern in this class of cases.

In the line of cases following the liberal rule there seems to be no substantial precedent for a finding by the court for the defendant *based solely upon the nature of the injury*. The rule seems to be that total disability is a question of fact to be determined by the jury from the nature of the injury, its physical effects upon the plaintiff and the result as reflected in the plaintiff's earning power, tested by the plaintiff's capacity to earn a living before and after the injury, and the employments that the jury might believe, from the proof, to be reasonably open to the plaintiff in the condition resulting from the injury. Under the evidence in this case, we do not believe that the trial court would have been justified in holding as a matter of law that the plaintiff had failed to make a case entitling her to go to the jury. Her credibility, of course, was for the jury to determine.

The foregoing discussion disposes of defendant's instructions Nos. 1 and 6. Defendant's instruction No. 4 was refused because covered by No. 3. This is assigned as error. Instruction No. 4 is as follows: ''The Court instructs the jury that before the plaintiff can recover, she must prove by a preponderance of the evidence that while she was in the employment of The Fletcher Enamel Company she became totally disabled, and that as a result of such disability, she has been continuously prevented thereby from performing any and every duty pertaining to her occupation, and presumably during lifetime will be prevented from pursuing any occupation for wages or profit.'' No. 3 tells the jury that they must find for the defendant if they believe plaintiff is now capable of pursuing any occupation, or presumably during her lifetime will be capable of pursuing any occupation, for wages or profit. This would require an affirmative showing to the jury that the plaintiff *could* follow an occupation in order for the defendant to be entitled to a verdict in its favor. This is a higher test than the policy requires. Under the policy, the affirmative showing must be that she presumably during life *will be prevented* from pursuing any occupation for wages or profit. This is a part of plaintiff's proof, and that proof may be defeated without showing that she presumably *will be* able to follow a gainful occupation. It is her duty to establish a presumption that she will *not* be. It is not necessary for

the defendant to show that presumably she *will* be. With these distinctions in mind, while defendant's instruction No. 3 is not incorrect, yet it does not cover the theory of defense stated in defendant's instruction No. 4. However, in order to recover it is not necessary that plaintiff be prevented from performing any and every duty pertaining to his employment as stated in the instruction and for that reason the court correctly refused defendant's instruction number four.

There is, however, a much more serious question involved. The defendant below, plaintiff in error, complains of the giving of plaintiff's instruction No. 1. This instruction tells the jury, "the jury is further instructed that if you believe from a preponderance of all the evidence that on or about the 7th day of February, 1933, the plaintiff became substantially incapable of performing the material and essential duties necessary to the practical prosecution of her employment, *or* any other occupation for wages or profit for which from the evidence you believe she is reasonably qualified * * *," that then the jury may find for the plaintiff. It will be noted that the jury is instructed that they may find for the plaintiff if the injury has disqualified her from following her own employment or any other occupation, stating the proposition in the *disjunctive*. The policy states it in the conjunctive, requiring that she be disqualified from following her own occupation *and* "presumably will during his (her) lifetime be prevented from pursuing any occupation for wages or profit." This instruction would make it possible for the jury to find for the plaintiff if she was incapable, from the injury, of following the occupation *she was engaged in at the time of injury*. In order to recover under the terms of the policy, she must be disqualified from following her own occupation and any other occupation. We therefore believe that the instruction is clearly misleading and since it is binding, is fatal to plaintiff below.

The judgment of the circuit court of Kanawha County is reversed, the verdict set aside and the case remanded for a new trial.

*Reversed and remanded.*