VIRGINIA FRAZEE *v.* NEW YORK LIFE INSURANCE COMPANY

(No. 8614)

Submitted March 22, 1938.   Decided April 9, 1938.

*R. A. Welch* and *Walter C. Capper,* for plaintiff in error.

*Vernon E. Rankin,* for defendant in error.

MAXWELL, PRESIDENT:

In the circuit court of Mineral County the plaintiff obtained verdict and judgment for $200.00 against the defendant, covering stated monthly installments of $20.00 each under a total disability clause of a life insurance policy which had been issued to the plaintiff by the defendant in 1927. Writ of error was awarded the defendant.

In an automobile accident, August 26, 1934, the plaintiff was seriously injured. An attending physician testified in substance that she suffered a fracture about the head and face and sustained injuries to the brain; that she was in a state of unconsciousness and delirium for a number of days; that shock was extreme; that it was a question whether she would recover from the injuries; that her delirium was followed by extreme restlessness and inability to sleep over a long period of time. Plaintiff and her husband testified (uncontradicted) that continuously since her hospitalization she has been nervous and distraught. Her hearing on the right side was also impaired by the accident, though not seriously.

Because of injuries to her left eye, received in the accident, that member is, in large degree, immobilized in a straight-ahead stare. In consequence, her eyes do not focus. Instead of the blending of the images of the two eyes, as in normal vision, the images remain separate— she sees double. A strained and highly nervous condition and frequent severe headaches are the result. An eye specialist testified that the present status of her left eye will continue permanently; that her only alternatives of relief from the double vision are to wear a patch or dark glass over the affected eye or have that member removed.

Plaintiff's husband is a jeweler and operates a store at Keyser, West Virginia. Prior to plaintiff's injury, they

also had at Boswell, Pennsylvania, a jewelry store which she managed. She is an engraver and jewelry repairer. Since her mishap, they have ceased to operate the Boswell store. They testified that because of her present condition she cannot engrave or repair jewelry, nor otherwise attend to store duties, nor, in fact, engage in any remunerative pursuit; that even the discharge of moderate household duties occasions her great discomfort.

The clause of the policy here involved provides for the protection of the insured against total and presumably permanent disability. Under this feature of the policy, there is defined as follows the character of disability insured against: "Disability shall be considered total whenever the Insured is so disabled by bodily injury or disease that he is wholly prevented from performing any work, from following any occupation, or from engaging in any business for remuneration or profit * * * ."

Whether the plaintiff is totally and presumably permanently disabled within the meaning of the disability clause of her policy is a factual matter for jury determination. *Jones* v. *Connecticut General Life Insurance Co.*, 114 W. Va. 651, 173 S. E. 259, and cases cited. But a jury finding to be conclusive must, of course, not be made under improper instructions of the court.

Plaintiff's Instruction Number Three, read by the court to the jury, is essentially the focal point of challenge in this review. By this instruction, the jury was told that the terms and conditions of the disability clause on which the suit is based do not require that the plaintiff be absolutely helpless before becoming entitled to receive disability benefits, but merely require that she be disabled from performing "the substantial, material and necessary acts of any business or occupation *similar to that of an engraver or jewelry repairer"*; that ability to engage in trivial or inconsequential duties will not bar her from recovery, and that she may recover in this action if the jury believes from a preponderance of the evidence that by reason of her injury she became so incapacitated "as to render her wholly, continuously and

permanently unable to perform the substantial, material and necessary duties of an engraver or jewelry repairer, *or* any other work or business in the usual and customary way." (Italics supplied.) The instruction is erroneous, because in the first instance, it incorporates the phrase "similar to that of an engraver or jewelry repairer"; and, secondly, because in its concluding line, it uses the disjunctive "or" instead of the conjunctive "and". Of the two defects, the latter is probably the more serious, because the effect of the disjunctive was to tell the jury they might find for the plaintiff if they believed from the evidence she was unable to discharge her duties as engraver and jewelry repairer. This is clearly not within the meaning of the disability clause here involved. The insurer agreed under that clause to pay indemnity, not on the ground of disability of the insured to pursue her chosen line of activity, but only in event she should become incapacitated "from performing any work, from following any occupation, or from engaging in any business for remuneration or profit." The error here considered is basically prejudicial. The same question was involved in *Jones* v. *Connecticut General Life Insurance Company, supra,* wherein there was reversal of judgment for the plaintiff because of the employment in an instruction for the plaintiff of a disjunctive proposition like the one herein involved. The court held: "A binding instruction that makes possible a recovery for general permanent total disability by the plaintiff in the event of disability to follow the occupation that plaintiff is actually engaged in, when the policy covers a general disability to pursue any occupation for wages or profit, is prejudicial error." True, the instruction at bar is not binding, but, because of its misdirection, it is nevertheless prejudicial. It afforded a wrong ground for decision. *Non constat* but that the verdict was based on this inaccurate premise.

Secondly, the italicized phrase in the instruction now under scrutiny is unduly restrictive in its scope. It would limit plaintiff's field of effort, to perform gainful service,

to those activities which are similar to the work of an engraver and repairer of jewelry. There is no justification in the disability clause for asserting that the plaintiff is entitled to the benefits thereof merely because of inability to engage in pursuits similar to those of her usual vocation.

While in the *Jones* case, *supra,* an instruction involving a disjunctive was held prejudicially erroneous, in the case of *Hayes* v. *Prudential Ins. Co.,* 114 W. Va. 323, 171 S. E. 824, a somewhat similar instruction, recognized to contain error, was held non-prejudicial. The latter holding was made because the record was devoid of evidence tending to show that the insured could engage in any useful employment, whether in his usual vocation or otherwise. The case at bar does not come within that category and therefore must be governed by the general rule enunciated in the *Jones* case.

Other points of error are not consequential and therefore need not be considered separately.

Because of the error in plaintiff's Instruction Number Three, the judgment of the trial court is reversed, the verdict of the jury set aside and the case remanded for further proceedings.

*Reversed and remanded.*